1  PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

2  Name  Ventura  Robert  Elias
         (Last)        (First)       (Initial)

3
4  Prisoner Number  V-80485

   Institutional Address  CSP-Corcoran SHU.  P.O. Box 3476 Corcoran CA 93212

5
6
7                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA

8  Robert Ventura
   (Enter the full name of plaintiff in this action.)          )
                                                               )
9                                                              )
                    vs.                                        )   Case No.  CV 08 1708
10                                                             )   (To be provided by the clerk of court)
    Darrel Adams                                               )
11                                                             )   PETITION FOR A WRIT
    State of California                                        )   OF HABEAS CORPUS
12                                                             )
                                                               )
13                                                             )
                                                               )
14  (Enter the full name of respondent(s) or jailor in this action)  )
                                                               )
15

16                    Read Comments Carefully Before Filling In

17  When and Where to File

18       You should file in the Northern District if you were convicted and sentenced in one of these

19  counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20  San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21  this district if you are challenging the manner in which your sentence is being executed, such as loss of

22  good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23       If you are challenging your conviction or sentence and you were not convicted and sentenced in

24  one of the above-named fifteen counties, your petition will likely be transferred to the United States

25  District Court for the district in which the state court that convicted and sentenced you is located. If

26  you are challenging the execution of your sentence and you are not in prison in one of these counties,

27  your petition will likely be transferred to the district court for the district that includes the institution

28  where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS          - 1 -

1  <u>Who to Name as Respondent</u>

2      You must name the person in whose actual custody you are. This usually means the Warden or

3  jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4  you are imprisoned or by whom you were convicted and sentenced. These are not proper

5  respondents.

6      If you are not presently in custody pursuant to the state judgment against which you seek relief

7  but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8  custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack

9  was entered.

10  <u>A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE</u>

11      1. What sentence are you challenging in this petition?

12      (a)  Name and location of court that imposed sentence (for example; Alameda

13          County Superior Court, Oakland):

14      <u>SupeRioR CouRt</u>                    <u>SAntA ClARA County</u>

15          Court                          Location

16      (b)  Case number, if known  <u>CC455119</u>

17      (c)  Date and terms of sentence <u>MAy 11, 2005 ; 20 YEARS</u>

18      (d)  Are you now in custody serving this term? (Custody means being in jail, on

19          parole or probation, etc.)        Yes <u>X</u>    No <u>____</u>

20      Where? <u>CoRCoRAN StAte PRison SHu.</u>

21      Name of Institution: <u>C S P - CoRCoRAN SHu.</u>

22      Address: <u>P.o. Box 3476 CoRCoRAN CA 93212</u>

23      2. For what crime were you given this sentence? (If your petition challenges a sentence for

24  more than one crime, list each crime separately using Penal Code numbers if known. If you are

25  challenging more than one sentence, you should file a different petition for each sentence.)

26  <u>PC § 245 (A)(1); PC § 148 (A)(1); PC § 667/1192-7; PC § 667(A) X 2 ;</u>

27  <u>PC § 667.5 (A)  PC § 667.5 (b)</u>

28  _____<u>See EXHiBit</u>_____

3. Did you have any of the following?

Arraignment:                        Yes _X_    No ____

Preliminary Hearing:                Yes _X_    No ____

Motion to Suppress:                 Yes ____    No _X_

4. How did you plead?

Guilty _X_    Not Guilty ____    Nolo Contendere ____

Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

Jury ____    Judge alone _X_    Judge alone on a transcript ____

6. Did you testify at your trial?                Yes ____    No _X_

7. Did you have an attorney at the following proceedings:

(a)    Arraignment                Yes _X_    No ____

(b)    Preliminary hearing        Yes _X_    No ____

(c)    Time of plea               Yes _X_    No ____

(d)    Trial                      Yes _X_    No ____

(e)    Sentencing                 Yes _X_    No ____

(f)    Appeal                     Yes ____    No _X_

(g)    Other post-conviction proceeding    Yes ____    No _X_

8. Did you appeal your conviction?              Yes _X_    No ____

(a)    If you did, to what court(s) did you appeal?

Court of Appeal Sixth Appellate    Yes _X_    No ____

H032454/cc465119    Year: 1-8-2008    Result: Denied
H032325/cc455114           1-9-2008

Supreme Court of California        Yes _X_    No ____

H032454/S160234    Year: 3-12-2008    Result: Denied
H032325/S160550

Any other court Superior Court    Yes _X_    No ____
Santa Clara County.
CC455119    Year: 10-3-2007    Result: Denied

(b)    If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS        - 3 -

1    petition?    Yes X    No____

2    (c)    Was there an opinion?    Yes X    No____

3    (d)    Did you seek permission to file a late appeal under Rule 31(a)?

4    Yes X    No____

5    If you did, give the name of the court and the result:

6    SAnta Clara County Superior Court

7    Denied.

8    9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9    this conviction in any court, state or federal?    Yes X    No____

10    [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11    challenged the same conviction you are challenging now and if that petition was denied or dismissed

12    with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13    for an order authorizing the district court to consider this petition.  You may not file a second or

14    subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit.  28

15    U.S.C. §§ 2244(b).]

16    (a)    If you sought relief in any proceeding other than an appeal, answer the following

17    questions for each proceeding.  Attach extra paper if you need more space.

18    I.    Name of Court: Superior Court of Calif. County of Santa Clara

19    Type of Proceeding: Motion For Counsel, And Transcripts

20    Grounds raised (Be brief but specific):

21    2 Marsden    a. Trial Court Violated Due Process For Breach of Prior Plea Agreement

22    Hearing.    b. Ineffective Assistance Of Counsel, Failure to Review Rap Sheet.
      CC455119 / And

23    Violation + Prior    c. Trial Court Imposed Illegal Enhancement, Prior Plea Agreement.
      Plea Bargains.

24    No. 117912, No. 128369    d. Waived His Constitutional Right Not Knowing or Understanding

25    Result: Denied    Date of Result: 12-26-07

26    II.    Name of Court: Sixth Appellate Court

27    Type of Proceeding: Motion For Counsel; Transcripts; Extension.

28    Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS        - 4 -

1   2 Marsden Hearing
    No. CC455119.                         a.   SAME AS ABOVE, AND Herein

2   Violation Plea Bargain
    No. 117912; No. 128369              b.   Petition.

3                                        c.   AND TRANSCRIPTS ON TWO MARSDEN Hearing Case No.

4                                        d.   CC455119;

5                                        Result: DENIED   JANUARY 8, 2008 Date of Result: 1-9-2008

6                      III.   Name of Court:  SUPREME COURT OF CALIFORNIA

7                             Type of Proceeding: REQUEST TRANSCRIPTS, FOR COUNSEL, Evidentiary,

8                             Grounds raised (Be brief but specific):

9   "            "           a. Trial Court Violated Due Process For Breach of Prior Plea Agreement

10  SAME AS ABOVE.             b. Ineffective Assistance of Counsel, Failure to Review Rap Sheet.

11  2 Marsden Hearings
    No. CC455119.             c. Trial Court Imposed illegal Enhancement Prior Plea Bargain Agreement 1989 Case.

12  Violation Plea Bargains   d. Waived His Constitutional Right Not Knowing or Understanding
    No. 117912; No. 128369

13                            Result: DENIED                    Date of Result: March 12, 2008

14                   IV.   Name of Court: _____

15                         Type of Proceeding: _____

16                         Grounds raised (Be brief but specific):

17                         a. _____

18                         b. _____

19                         c. _____

20                         d. _____

21                         Result: _____ Date of Result: _____

22        (b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?

23                                    Yes  X      No _____

24               Name and location of court: IN THE SUPREME COURT OF CALIFORNIA; No S162926

25  B. GROUNDS FOR RELIEF

26          State briefly every reason that you believe you are being confined unlawfully. Give facts to

27  support each claim. For example, what legal right or privilege were you denied? What happened?

28  Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS        - 5 -

Continue From 13. C                    EXHIBIT A*                    CASE No. CC 455119*

SUPERIOR COURT IN SANTA CLARA COUNTY.

| | | |
|---|---|---|
| 1 | Request For Evidentiary Hearing | 7-12-2007 |
| 2 | Request For Counsel | 2-12-2007 |
| 3 | Rsquest For Transcripts    DENIED ___ | 12-26-2007 |
| 4 | Petition Denied | .10-1-2007 |

SIXTH APPELLATE COURT  CASE No. H032325 /
EXHIBIT B#                              CC455119.

| | | |
|---|---|---|
| 1 | Request For 100 DAY Extension | JAN 9. 2008 |
| 2 | Request For Appointment of Counsel | "                    " |
| 3 | The Petition For Writ of Habeas Corpus Denied | Jan. 8. 2008 |
| 4 | Request For Transcripts | |

SUPREME COURT OF CALIFORNIA.
EXHIBIT C.                              CASE No. H032325 /
                                        S160550

Request For Transcripts            MARCH 7, 2008
Request For Appointment of Counsel.  FEBRUARY 25, 2008.
                                    (Received on MARCH 3. 2008.)
Rsquest For Evidentiary Hearing
Petition Denied                    March  12. 2008.

NORTHERN District OF California  Case No. CV 08-1708

| | | |
|---|---|---|
| 1 | Notice of Appeal | MARCH 21. 2008 |
| 2 | Request For Appointment Of Counsel. | March 28, 2008 |

Continue FRom
Page Six OF Six

1    need more space. Answer the same questions for each claim.

2        [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3    petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4    499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5    1)  Claim One: Trial Court Violated Due Process For Breach Of Prior Plea Agreements;

6    Under the Fourteenth Amendment to this United States Constitution

7    Supporting Facts: Trial Court Abused its Discretion When it Violated due Process And

8    Guarantee And Terms Of Prior 1989 Negotiated Plea Agreements. Which did

9    not Inform As Part of the Plea He Could Face, Enhancement of 1 to 5 Years Added For

10   Any Future Felony. Case No. 117912 And 128369, Santa Clara County.

11   Claim Two: 2) Ineffective Assistance of Counsel Failure to Review Raps sheet,

12   3) Trial Court Imposed illegal Enhancement.

13   Supporting Facts: Ineffective Assistance + Counsel Refuse to take a Plea Offer Of

14   6 Years, And Investigate Prior Strikes. And "Plea Bargains";

15   Cass No. CC455119 # Santa Clara County.

16

17   Claim Three: 4) Petitioner Waived His Constitutional Rights Not Knowing his Rights or

18   Understanding. due to Ineffective Assistance of Counsel Violation his Sixth And

19   Fourteenth Amendment.
     Supporting Facts:

20   Petitioner Was denied two Marsden Hearing. Because Ineffective Assistance

21   Of Counsel Who Refuse to Investigate In Petitioners Case And

22   Abandonment. Case No. CC455119 In Santa Clara County.

23       If any of these grounds was not previously presented to any other court, state briefly which

24   grounds were not presented and why: Petitioner Was Denied Transcripts In All State

25   Courts. In order to Support More Claims, And Exercise Through

26   Due Diligence On Additional Grounds.

27   SEE Appendix C. A

28

PET. FOR WRIT OF HAB. CORPUS          - 6 -

Appendix 6. A#

1  Petitioner knew his own Criminal History but was ignorant of
2  the Campos Rule ie, that the Three Strike Law permitted charging
3  as separate strike multiple counts arising in a single prior case,
4  nor seeking specific performance provision of those terms of
5  the 1989 Plea Agreements, in order to limit the enhancement.
6  The Prosecutor knew Petitioner had suffered convictions for
7  multiple counts of felony in a single prior case. see attached
8  hereto Exhibit A.
9  The Prosecutor possessed Petitioners rap sheet that reflected
10  multiple felonies count convictions. Like Petitioner, however,
11  the Prosecutor did not understand the Rule of (Campos) for
12  this reason. In May 31, 2004 Criminal Complaints, the
13  Prosecutor alleged only two "strike", namely, that Petitioner
14  was on or about 1989 convicted of the Crime of Discharge of
15  a Firearm at inhabited dwelling Section 246 of the Penal
16  code at Santa Clara County case no# 117912 and Burglary,
17  Section. 459 / 460.2 of the Penal Code, Santa Clara —
18  County case no. #128369 ..
19  The Prosecutor then offered a plea bargain that would have
20  permitted Petitioner to plea Guilty in return for a sentence
21  6 years .. The Prosecutor later revised his offer to
22  49 years to Life.
23  In contrast to the Prosecutor's mistake, the failure of
24  Petitioner's counsel to appreciate his clients potential
25  three strikes exposure did not stem from a
26  misunderstanding of the law. Rather, her failure
27  stemmed from lack of fact investigation and mistaken
28  assumptions regarding Petitioner's criminal history,

1  Such As Prior's on Febuary 9, 1995. Robbery, Section 211/212(5)

2  of the Penal Code, Contra Costa County. Case No# 3-163856-8

3  And Arson, Section 451(b) of the Penal Code, Contra Costa

4  County, Case # 3-163856-8

5  When Petitioner's Counsel Met with the Prosecutor to discuss

6  Plea Bargaining, Petitioner's Counsel Had No Knowledge

7  of Petitioners Prior Criminal Record, Except to the Extent

8  The Prior Record Might Have Been Reflected in the Criminal

9  Complaint.

10  Petitioner's Counsel Had Not Yet Met with Petitioner.

11  Petitioner's Counsel did Not Have Petitioner's Rap sheet or

12  make Any Attempt to obtain the Rap sheet.

13  Petitioner's Counsel knew That a Look At Petitioner's Rap-

14  sheet was Hers For the Asking (Asking of the Prosecutor,)

15  That is, But Petitioner's Counsel did Not Ask. With

16  Virtually No knowledge of Petitioner's Prior Record,

17  Petitioner's Counsel Decided The Case was "Worth" 36

18  Months or Able to Win the Case.. She So Advised the

19  Prosecutor And Later, Petitioner.

20  However Petitioner Pleaded to take the Deal, But

21  Counsel Rejected The Petitioner Argument. And

22  Once Counsel Reviewed And Discovered That the

23  Petitioner Was a Three Striker,. She Immediately Abandonment

24  The Petitioner's Case.

25  At All material times, Petitioner Counsel Understood the

26  Vital Importance of determining At the Earliest Possible

27  Stage of Plea discussions Whether A Given Case had Any

28  Potential to Be Charged As a Three Striker Case.

4

1  She Knew That Santa Clara County District Attorney's
2  Office Treated Potential Three Strikes Case's Differently
3  For Plea Bargaining Purpose's That it treated All Other
4  Cases. In Potential Three Strike Cases, The Offices
5  Pre - Preliminary Hearing Plea Offers Typically Were
6  The Best Offer ever to Be made to The Defendant
7  And Petitioner's Counsel Knew it Was Not Unusual For
8  The Office to Add into A Superseding Information
9  Charges That had Not Been Alleged in The Original Complaint.
10  The State's Plea Offer to Petitioner Ceased to Be Open at The
11  Time Of The Preliminary Hearing.. Prior to that Time Petitioner's
12  Counsel Met With Petitioner for Only A few Minutes.
13  Petitioner's Counsel Showed Petitioner The Complaint And Asked
14  Petitioners If, As Alleged, He had Been Convicted Of Arson
15  And Robbery February 9, 1995.. Petitioner Responded "Yes"
16  But On A Contract Plea Agreements.. Petitioner's Counsel
17  Asked Petitioner If He Had Any "Other" Priors Serious or
18  Violent felony Convictions — Petitioner Said "Yes" —
19  1989 Discharge Of A Fire Arm — at inhabited— Dwelling
20  And Burglary— And Also On A Contract Plea Agreement.
21  Petitioner Said He Hoped to Get This Prior Case Set Aside
22  Petitioner Gave His Counsel The Name Of An Attorney
23  Familiar With This Prior Case. Petitioner's Counsel Wrote
24  down Her Intent to Call This Attorney, But failed Ever
25  to do So.. Unlike The Prosecutor, And Unlike Petitioner,
26  Counsel Knew A Single Prior Case Involving Multiple
27  Counts Could Support Multiple Strikes.
28  Yet, Petitioner Counsel did Not Inquire or Investigate

1 INTO THE DETAILS OF THE PRIOR 1995 CASE ARSON AND ROBBERY
2 FROM CONTRA COSTA COUNTY CASE No# 3-163856-8 AND
3 DID NOT ASK WHETHER THE CASE HAD INVOLVED MORE THAN ONE
4 COUNT — NOR INVESTIGATE INTO THE 1989 CASE.. FROM
5 SANTA CLARA COUNTY CASE 117912 AND CASE NO# 128369
6 INSTEAD, PETITIONER'S COUNSEL ASSUMED INCORRECTLY THAT
7 PETITIONER'S CASE HAD INVOLVED ONLY ONE COUNT.
8 PETITIONER'S COUNSEL TOLD PETITIONER HIS MAXIMUM EXPOSURE
9 WAS 10 YEARS .. PETITIONER'S COUNSEL CONVEYED TO PETITIONER
10 THE PLEA OFFER OF SIX YEARS AND COUNSEL'S ASSESSMENT
11 THAT THE CASE MERITED ONLY 36 MONTHS AND ALSO EASY
12 WIN THE CASE. PETITIONER'S COUNSEL ALSO TOLD PETITIONER
13 SHE THOUGHT, SHE SHOULD WAIT FOR A BETTER OFFER.
14 PETITIONER, WHO WANTED TO ACCEPT THE FIRST OFFER OF 6
15 YEAR'S, BUT REQUIRING AN ADMISSION TO A PRIOR
16 CONVICTION — 1989 CASE, AS TO WHICH PETITIONER STILL
17 CLAIMED INNOCENCE.. BUT FOLLOWED HIS COUNSEL'S ADVICE
18 TO REJECT THE PLEA OFFER AND WAIT FOR A BETTER
19 DEAL.. A BETTER DEAL NEVER CAME.. AS OF THE 2004.
20 SHORTLY BEFORE THE PRELIMINARY HEARING CASE NO#
21 CC455119. SANTA CLARA COUNTY SUPERIOR COURT.
22 THE PROSECUTOR WAS OF A MIND TO ATTEMPT TO ENSURE
23 THAT PETITIONER RECEIVE "EVERY CONCEIVABLE AMOUNT OF
24 OF THE TIME THAT HE SO RICHLY DESERVES ON PETITIONERS
25 NEXT TRIP TO STATE PRISONS".
26 SHORTLY — BEFORE THE PRELIMINARY HEARING. THE PROSECUTOR'S
27 OFFICE REALIZED IT COULD CHARGE PETITIONER'S CASE AS A
28 THREE STRIKE'S CASE AND DID SO.

1. After Receiving Notice That He Faced 49 Years to Life, And
2. After Receiving Substitute Counsel, Petitioner Sought
3. to Recapture The Lost Plea Opportunity; But The
4. Substitute Counsel Refuse to Assist to Lost Plea
5. Opportunity...
6. The Second Substitute Counsel Refuse to Investigate
7. Into Prior Plea Bargains, or The Nature Of Petitioners
8. Case.. Petitioner Second Substitute Counsel Also —
9. Abandonment Petitioner's Case.
10. The Third Substitute Counsel Mr Casey Clift From
11. Public Defender's Dept.. Also Total Failure to
12. Prepare Into The Petitioners Case or Appreciate
13. Evidence.
14. Accordily to The Victim Irene Rodriguez And
15. The Victim's Sister, Yolanda — Witness In The
16. Case And Victim's Mother, The Defense Counsel
17. Mr. Casey Clift Was Sharing Information With
18. Prosecution Mr. Behrens.. And The Petitioners
19. Counsel Explained to The Victim Irene Rodriguez
20. And The Victims Family. That They Will Convict
21. The Petitioner's In Ever Conceivable Way.
22. The Victim Irene Rodriguez And The Victims Family
23. And The Witnesse's In The Petitioner's Case Was
24. Trying to Help The Petitioner In Every Way to Get
25. All Charge's Droped Against Petitioner.
26. But The Petitioners Counsel Mr. Casey Clift And
27. Petitioner Relationship Became So Embroiled In
28. Such An Irreconcilable Conflict That Ineffective

1  Representation Prejudiced The Petitioner Being Adequately
2  Represented By His Current Counsel, The Petitioners Counsel
3  Failure to take Statements from ALL Eye-Witnesses In Petitioner's
4  Case or Police Officer's Statements, Hospital Statements And Petitioner's
5  Statements And D.N.A Testing.
6  On January 24, 2005, The Defense Counsel, Exposed The Petitioner
7  to 49 Year's to Life: Insofar As Counsel Failed to Prepare Any Witness
8  or to Consult to Petitioner How The United States Sentencing
9  Guide Lines or Seeking Specific Performance one Plea-Bargains
10  or Conduct Any Investigation On Petitioner Rap Sheet—
11  Was Objectively Unreasonable And There Was A Reasonable
12  Probability That The Outcome Of The Penalty Phase Of Petitioner
13  Trial Would Have Been Different, Because He did Not Understand
14  His Constitutional Rights At The Time.
15  When The Defense Counsel, Coercion And Persuade The
16  Petitioner's Plea And Or Admission Of Serious Felony
17  Allegation And Strike Priors, Serious Felony Priors, By Waiver
18  Of His Constitutional Rights And Rights to Jury And Rights to
19  Confront And Cross Examine Witnesse's And Rights to
20  Present Evidence On Own Behalf And Waivers Privilege Against
21  Self-Incrimination... At The Time, The Plea Was Not
22  Knowing And Understanding His Constitutional Rights or The
23  Nature Of Charges And Consequences Of Plea...
24  The Petitioner Was Prejudiced By Counsel's Unfamiliarity
25  With Sentencing Guide Lines And Failure to Challenge
26  Prosecutions Breach Of Plea Agreements In Petitioner's 1989
27  Case's No# 117912 And #128369 From Santa Clara County.
28  The Alternatively Trial Counsel In This New Case Was

6

1  Ineffective For Not Seeking Specific Performance Of The Prior-
2  Plea Agreements to Limit the Enhancements. The Trial Court
3  Also Abused its Discretion When it Violated Due Process —
4  Guarantee's And Terms Of Prior 1989 Negotiated Plea —
5  Agreements Which did Not Inform Petitioner As Part
6  Of The Plea He Could Face Enhancements Of 1 to 5 Years
7  Added For Any future Felony.. By Allowing Those Terms
8  To Change And Using These Priors As Enhancements In
9  This New Convictions Case No# CC455119 From Santa —
10  Clara County... To Sentence Him to Multiple 5 Years And
11  Multiple 3 Years enHancements Violates The Original —
12  Plea Agreement And Due Process.
13  The Petitioners Counsel Was Ineffective Because He Failed
14  to Consult or Explain to Petitioner How The United States
15  Sentencing Guide Lines Would Affect His Sentencing
16  The Petitioners Counsel Was not Familiar With the Guide —
17  Lines And Failed to Challenge The Governments Breach
18  Of its Plea Agreements in Petitioner 1989 Case's.. In The
19  Present Case The Prosecutor Also Failed to Apprise The
20  Sentencing Court Of The Governments Agreements As
21  to Relevant Conduct.
22  The Prosecutor did Not Honor, The Significant Degree
23  On The Promise or Agreement Of The Petitioners
24  1989 Plea Bargain So That it Can Be Said to Be Part
25  Of The Inducement or Consideration — Such Promise
26  Was Not Fulfilled.. The Government Fail to Fulfill
27  A Material Terms Of A Plea Agreement.
28  The Counsel Fail to Seek Specific Performance or

9

1  Seek to withdraw His 1989 Plea Bargain: There fore
2  The Government Breach a Promise That induced a Guilty
3  Plea Violated Petitioners Due Process.
4  Before January 24, 2005, The Petitioner's Record Clearly
5  Reflect's. That Petitioner was Deny of Two Soperate
6  Marsden Hearings.
7  Alleged Three ineffective Assistance of Counsel's, From
8  The Public Defender's Department.
9  The Trial Court Afford The Petitioner an Opportunity to
10 express The specific Reasons why He Believes He is not Being
11 Adequately Represented by His Current Counsel.
12 Petitioner Argue That Two ineffective, And Current Counsel
13 ALL Failure to investigate in Petitioner's Case, And Failure
14 To Take The Original Plea Offer of 6 Years, When The
15 Petitioner was Arraigned As Two Striker. And Two
16 Ineffective Assistance of Counsel Abandonment of Petitioner
17 Case in Critical Stage's And Exposing Petitioner As a
18 Three Striker.
19 Petitioner Contend That His Relationship Has Became
20 embroiled in Such An irreconcilable Conflict That Counsel
21 Representation was Objectively Unreasonable And not
22 Being Adequately Represented By The Public Defender's
23 Department And Current Counsel. Mr. Casey Cliff.
24 1  The Lack of Consultation, Preparation, And Investigation,
25 Counsel. Pre - Penalty.
26 2. Failed to Take Statements From Witness, Hospital, And
27    D.N.A And Police.
28

10

3. Failed to Prepare For or Investigate A Case For Three Strike exposure.

4. Lack of Content or Substance in Counsels Representation in All Courts Procedures.

5. Failure to Investigate — Neighbor's Statement in Case, Security Guard. Etc.

6. Failure to Present Mitigating Evidence..

The Petitioner Counsel Mr. Casey Clift. Responded That The Public Defender's Department Has a Lack of Funds In order to Complete Investigation Appropriately And unAble to consult with Petitioner, Because Counsel is — Over Loaded with Case's.

Therefore The Trial Court Fail to Appoint Counsel to Evaluate Petitioners Claim And This State Court Fail To Recognize And Remedy Counsels Ineffectiveness was Unreasonable. Because of The Grave Implications of Career Offendee, The Counsel made Error's so Serious The Deficient Performance Prejudiced The Petitioners Defense. And There is a Reasonable Probability That But For Counsel's Error's, The Results of The Proceeding would Have Been different...

Therefore The Courts Refusal to Appoint Substitute Counsel After Petitioner cited Conflict of Interest And Failed to Elicit And Evaluate Each And Every Ground Upon Which Petitioner's Marsden Motions. After Words The Counsel's Failure to Challenge Prosecutions Breach of Plea Agreements in Petitioners

1. downward ADJustment of Sentence using Correct
2. Section of Guide Lines. or Specific Performance.
3. And Failure to Object at Sentencing to Base Offense
4. Level Contained in Plea Agreement.

5. On Date of Conviction January 24, 2005 And Trial
6. on February 4, 2005. Petitioner was Sentence to
7. 49 Years to Life ..

8. On May 11 2005 Petitioner was Granted A Romero
9. Hearing And Count 2, P.C. 236/237 And Count 3, P.C. 422
10. And Count 4, P.C. 273 A(b). And Count 6, P.C. 836.6 (b)
11. was Dismissal - And Count 1, 245 (A)(1) And Count 5.
12. P.C. 148 (A)(1) was Convicted And Sentence to 20 Years
13. See Exhibit.

14. Petitioner Counsel Failure to Object to Illegal
15. Prior Enhancements 1989 Case... And In Present
16. Case The Prosecutor Also Failed to Apprise the
17. Sentencing Court or The Government's Agreement As
18. To Relevant Conduct And Recognized That "When A
19. Plea Rest in Any Significant Degree on A Promise or
20. Agreement of the Prosecutor, So That it Can Be Said
21. to Be Part of The inducement or Consideration, Such
22. Promise must Be Fulfilled". The Government Fail to
23. Fulfill A Material Term of Petitioners 1989 Plea
24. Agreement.

25. And Petitioners Counsel Failure to Seek Specific
26. Performance.

27. 
28.

1       List, by name and citation only, any cases that you think are close factually to yours so that they

2   are an example of the error you believe occurred in your case.  Do not discuss the holding or reasoning

3   of these cases:

4   Brown v. Poole, 337 F.3d 1155 (C.A.9 (Cal) 2003); Fairman v. Riggs, C.D. Cal 2001

5   US v. Granados, 962 F.2d 767 8th Cir. 1992 ( 441 F.3d 688, Buckley v. Terhune,

6   C.A.9 (Cal) 2006 ) U.S. v. Blaylock C.A.9 Cal. 1994 ( Cunningham v. Cal. (2007)

7   Do you have an attorney for this petition?        Yes_____    No X

8   If you do, give the name and address of your attorney:

9   _____N/A_____

10      WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11  this proceeding.  I verify under penalty of perjury that the foregoing is true and correct.

12

13  Executed on  May 1, 2008                          _____

14              Date                   Signature of Petitioner

15

16

17

18

19

20  (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS        - 7 -

# TABLE OF AUTHORITIES

1

2  Apprendi V. New Jersey 2000  530 U.S 466

3  Bell V. Cone, 535 U.S. 685, 694 122 S.ct.
4  1843, 152 L. Ed. 2d 914 (2002)

5  Brown V. Poole, 337 F.3d. 1155, (C.A.9 (Cal) 2003)

6  Commonwealth V. Napper, 254 P.A. Super 54, 385
7  A. 2d. 521 (1978)

8  Cunningham V. California 127 S.ct. 856 (U.S. Cal. 2007)
   U.S.C.A. Const. Amend. 6. 14.
9  Penal Code 12022, 12022.7.8. West 2000 And Supp.
10  2006  35, Cal. 4th. at 1257, 113 P.3d. at 545.

11

12  Fairman V. R.Gbs. 178 F. Supp. 2d.1141(C.D. Cal. 2001)

13  Hill V. Lockhart 474. U.S. 52. 59 1985

14  Haines V. Kerner 404 U.S. 519, 520 (1972)

15  Johnson V. Cadana, 805 F.2d. 579, 581 (8th Cir 1986)

16  Santobello V. New York  404 US. 257, 262, 92 S. Ct.
17  495, 30 L. Ed. 2d 427 1971

18  Tolliver V. United States 563. F.3d. 1117, 1120 -21
19  4th Cir. 1977.

20  People V. Morgan, 91 Cal. App. 4th 1324, 1327, 111 Cal.
21  Rptr. 2d. 562 (2001)

22  U.S. V. Anderson, 970 F.2d. 602, 607, 9th Cir. 1992

23  U.S. V. Arteca, 411 F.3d. 315, 321 (2d. Cir. 2005).

24  U.S. V. Barresse, 115 F.3d. 601, 612 8th Cir. 1997

25  U.S. V. Blaylock, 20 F.3d. 1458 (C.A.9 Cal, 1994)

26  U.S V. Day 969 F.2d 39 C.A.3 Pa. 1992.

27  U.S V. Day. 969 F.2d 39 3rd. Cir 1992

28  U.S. V. Granados, 962 F.2d 767 8th Cir. 1992

# TABLE OF AUTHORITIES

U.S. V. Gomez, 326 F.3d. 971, 974-75 8th. Cir. 2005.

U.S. V. Munoz, 408 F.3d 222, 227 (5th. Cir 2005)

U.S. V. Scott, 455 F.3d. 1188, 1190-91 (10th Cir. 2006)

U.S V. Russell, 221 F.3d. 615, (C.A. 4 (VA) 2000)

U.S. V. Swanberg, 307 F.3d. 622, 628-29 (6th Cir 2004)

U.S. V. Thompson, 403 F.3d. 1037, 1041 (8th Cir 1997)

Von Moltke V. Gillies, 332 U.S. 708, 721: 68 S.Ct. 316, 322, 92 L Ed. 309 1948

Ward V. Dretke, 420 F.3d 479, 489-90 (5th Cir. 2005)

Week V. Snyder 219 F.3d. 245, 261 3rd. Cir 2000

Wiggins V. Smith, 539, U.S. 510, 123 S.Ct. 2527, 2539, 156 L.Ed. 2d. 471 2003

Williams V. State, 326 md. 367, 605 A.2d. 103 (1992)

U.S. V. Raineri, 42 F.3d. 36, 44 1st. Cir. 1994

U.S.C.A Const. Amend. 6; West's Ann. Cal. Penal Code. 667 b-i, 1170.12.

Appendi; 530 U.S. AT 490, 120 S.Ct. 2348

## VERIFICATION

I, ROBERT ELIAS VENTURA, STATE:

I AM THE Petitioner IN THIS ACTION.. I HAVE READ THE Foregoing Petition FOR Under 28 USC § 2254 FOR WRIT OF HABEAS CORPUS AND Petition, AND THE FACTS Stated Therein Are true OF MY OWN Knowledge, EXCEPT AS to MATTERS THAT ARE THEREIN Stated ON MY OWN INFormation AND BelieF,

AND AS to those MATTERS I Believe THEM to Be True.. I Declare Under Penalty OF PerJury THAT THE Foregoing IS TRUE AND CorrecT AND THAT THIS Declaration Was Executed On Date MAY 1, 2008 AT CORCORAN, E.S.P. SHU. CALIFORNIA.

DATED: MAY 1, 2008

ResPecTFully Submitted

Robert Ventura

ROBERT E. VENTURA
Petitioner

# "PRAYER FOR RELIEF."

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS FOR THE FOLLOWING RELIEF: AND IS WITHOUT REMEDY SAVE BY WRIT OF HABEAS CORPUS WHEREFORE, PLAINTIFF PRAYS THAT THE COURT.

1. ISSUE AND ORDER TO SHOW CAUSE;

2. ALLOW PETIONER TO CONDUCT DISCOVER;

3. CONDUCT AN EVIDENTIARY HEARING;

4. DECLARE PETITIONER'S RIGHTS

5. APPOINT COUNSEL AND AWARD REASONABLE ATTORNEY FEE;

6. ORDER TO SEEK SPECIFIC PERFORMANCE SENTENCING GUIDE LINES ON HIS 1989 CASE'S PLEA BARGAINS AND ORDER PETITIONERS TRANSCRIPTS 1989 CASE AND CURRENT CASE ON ALL PROCEED, AND TWO MARSDEN HEARINGS..

7. GRAND WRIT OF HABEAS CORPUS AND ORDER RESPONDENT TO:

8. THAT THE COURT GRANT SUCH FURTHER RELIEF AS IT DEEMS JUST AND PROPER.

DATED: MAY 1, 2008

RESPECTFULLY Submitted,

Robert Ventura

ROBERT E VENTURA
PLAINTIFF

1

# E X H I B I T

# A

EXHIBIT    A

F I L E D

DEC 2 6 2007

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara

BY _____ DEPUTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

In re                              )
                                   )
                                   )    No. CC455119
                                   )
ROBERT ELIAS VENTURA,              )    O R D E R
                                   )
On Motion for Documents            )
_____    )

ROBERT ELIAS VENTURA has submitted a motion to this Court requesting free copies of various documents, and/or reports contained in his case file, and/or transcripts of the proceedings, which led to his incarceration. The motion/request is DENIED. Petitioner's declaration of indigency, citations to rules of court, Constitutional principles, case law, or statutes, and/or "Application for Waiver of Court Fees and Costs," form is not applicable when, as here, the time for trial and appeal has passed and there is no matter currently pending and active before this Court. (See *People v. Markley* (2006) 138 Cal.App.4th 230, 240-243.)

DATED: 12/26 , 2007

ARTHUR BOCANEGRA
JUDGE OF THE SUPERIOR COURT

cc:  Petitioner
     District Attorney
     CJIC
     Research (12-18A)

1

2

3

4

5

FILED

OCT 0 3 2007

KIRI TOHRE
Chief Executive Officer
Superior Court of CA County of Santa Clara
BY _____ DEPUTY

6

7 SUPERIOR COURT OF CALIFORNIA

8 COUNTY OF SANTA CLARA

9

10 _____

11 In re                                     )    No.: CC455119
                                            )
12      ROBERT VENTURA,                      )
                                            )    ORDER
13 _____        )

14

15

16      ROBERT VENTURA, hereinafter Petitioner, has submitted a petition

17 for writ of habeas corpus. Petitioner claims that the sentencing

18 court violated due process by imposing enhancements on the basis of

19 Petitioner's prior plea bargains. Petitioner also claims that his

20 counsel for a 1989 prior was ineffective for not informing him of all

21 the possible consequences of his plea and his counsel for the present

22 offense was ineffective for not enforcing the terms of his prior plea

23 bargains. In addition, Petitioner cites *California v. Cunningham*

24 (2007) 127 S. Ct. 856 as a basis for his challenge to the court's

25 imposition of consecutive sentences in this case.

26 Due Process

27      The case of *People v. Brady* (1995) 34 Cal.App. 4th 65 dealt with,

1   and rejected, arguments that there is a due process violation in the

2   application of the strike law.

3        Although the imposition of punishment which, after commission of

4   a crime, is increased or somehow made more onerous violates the ex

5   post facto clause of both the United States and California

6   Constitutions (U.S. Const., art. I, § 10, cl. 1; Cal. Const., Art. I,

7   §9), "'[i]ncreased penalties for subsequent offenses . . .

8   attributable to the defendant's status as a repeat offender . . .

9   arise as an incident of the subsequent offense rather than

10  constituting a penalty for the prior offense. [Citations.]'" do not.

11  (*People v. Weaver* (1984) 161 Cal.App.3d 119, 124 [207 Cal.Rptr. 419],

12  quoting *In re Foss* (1974) 10 Cal.3d 910, 922 [112 Cal.Rptr. 649, 519

13  P.2d 1073].) *People v. Brady* (1995) 34 Cal.App.4th 65, 72.

14       The defendant in *Brady* had a single strike and therefore his

15  sentence was doubled and he was required to serve 80% of it.  His

16  "strike" had been committed prior to the passage of the three strikes

17  law.  That court rejected the same claim that Petitioner makes here,

18  by concluding that at the time the defendant had committed the

19  current offense the three strikes law "was in full force and effect.

20  Such gave him notice that he would be treated more severely since he

21  committed a new felony and had previously been convicted of a serious

22  felony. That such 'status' would subject him to subsection (c)(5)'s

23  credit limits was clearly spelled out. No due process or ex post

24  facto violation can be shown." (*Id.*, see also *People v. Hatcher*

25  (1995) 33 Cal.App.4th 1526.)

26       So too in the instant case, since as soon as the strike law came

27  into effect Petitioner had the status of being a striker, Petitioner

1   the defendant has failed to establish any prejudice, then the

2   performance prong need not be reached. (*Strickland v. Washington*,

3   *supra*, 466 U.S. at 697.)

4        Petitioner's claim of ineffective assistance of his prior

5   counsel rests on the assertion that he was not informed that his

6   convictions could be used in future cases to enhance his sentence.

7   However, as noted above, the "three strikes" law had not been enacted

8   at the time of Petitioner's prior plea. Thus, counsel cannot be held

9   ineffective for failing to inform Petitioner of a statutory scheme

10  that was not yet in place.

11  <u>Imposition of Enhancements</u>

12       Contrary to Petitioner's contention, his previous plea

13  bargain(s) do not insulate him from being subjected to enhancement(s)

14  based on the prior conviction(s). Petitioner was not being punished

15  again for the same offense addressed by a previous plea bargain.

16  Rather, Petitioner was punished for being a recidivist. "The purpose

17  of section 667 is to punish repeat offenders regardless of whether

18  they were imprisoned for their previous felony...to impose greater

19  punishment upon recidivists who commit serious felonies." (*People v.*

20  *Jones* (1993) 5 Cal.4th 1142; *People v. Medina* (1988) 206 Cal.App.3d

21  986.) See also *People v. Bernal* (1994) 22 Cal.App.4th 1455, 1457,

22  explaining:

23           When entering a guilty plea, the defendant must be
             advised of the direct consequences of the conviction.
24           (*Bunnell v. Superior Court* (1975) 13 Cal.3d 592, 604.)
             However, possible future use of a current conviction is
25           not a direct consequence of the conviction. (*People v.*
             *Crosby* (1992) 3 Cal.App.4th 1352, 1356; see also *People*
26           *v. Lewis* (1987) 191 Cal.App.3d 1288, 1301; *Hartman v.*
             *Municipal Court* (1973) 35 Cal.App.3d 891, 893.) A
27           defendant need not be advised of the possible future
             use of a conviction in the event the defendant commits

1  a later crime.

2  As there was no violation in sentencing Petitioner as a recidivist,

3  there was no ineffective assistance of counsel, as alleged by

4  Petitioner, for his attorney's failure to enforce the prior plea

5  agreement.

6  *Cunningham*

7  Petitioner claims that the court's imposition of consecutive

8  terms violates the Supreme Court's recently articulated rule in

9  *Cunningham v. California* (2007) 127 S. Ct. 856 interpreting its prior

10  decision in *Blakely v. Washington* (2004) 542 U.S. 296. However the

11  *Blakely* rule does not apply to the trial court's decision regarding

12  imposition of consecutive or concurrent sentences. (*People v.*

13  *Sandoval* (2007) 41 Cal.4th 825, 850-851; *People v. Sullivan* (2007)

14  151 Cal.App.4th 524, 567-568.) Thus, Petitioner is not entitled to

15  relief under *Cunningham*.

16  Petitioner's motion, and all requested relief, is DENIED.

17

18  DATED: _____ 1 Oct ____, 2007    _____

19  PAUL BERNAL
   JUDGE OF THE SUPERIOR COURT

20  cc:  Petitioner
     District Attorney
21  Research (7-17B)
     CJIC

22

23

24

25

26

27

28

# EXHIBIT

# B

3 1

COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

Court of Appeal - Sixth App. Dist.

FILED

JAN 9 - 2008

MICHAEL J. YEHLY, Clerk

By _____
                    DEPUTY

In re ROBERT VENTURA,

on Habeas Corpus.

H032325
(Santa Clara County
 Super. Ct. No. CC455119)

BY THE COURT:

The petition for writ of habeas corpus, seeking an extension of time to file an opening brief on "appeal," is denied without prejudice. There is no appeal from the denial of a habeas petition by the superior court; rather, the petitioner must file an original habeas petition in the reviewing court. (*In re Clark* (1993) 5 Cal.4th 750, 767, fn. 7.)

Petitioner's request for appointment of counsel is denied without prejudice.

(Elia, Acting P.J., and Duffy, J., participated in this decision.)

JAN 9 - 2008

Dated _____          ELIA, J. _____ Acting P.J.



IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

**Court of Appeal - Sixth App. Dist.**

# FILED

JAN 8 - 2008

MICHAEL J. YEHLY, Clerk

By _____
                        DEPUTY

In re ROBERT VENTURA,

    on Habeas Corpus.

H032454
(Santa Clara County
Super. Ct. No. CC455119)

BY THE COURT:

    The petition for writ of habeas corpus is denied.

(Premo, Acting P.J., Elia, J., and Duffy, J., participated in this decision.)

Dated   JAN 8 - 2008      _____PREMO, J._____  Acting P.J.

DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare the following:

I am over 18 years of age, and a party to the within action.

My address is: Robert Ventura V-80485
P.O. Box 3476  4A-3L-03
Corcoran, CA 93212-3476

On 1-11-08 , I served a copy of the attached

Motions For Order for type Written
Transcript of Sentencing Hearing Etc.

On the below-named persons by placing a true copy thereof
in envelope addressed as follows, with first class postage
thereon fully prepaid, and delivering the sealed envelopes,
according to the procedures prescribed for sending legal
mail, to the proper institutional official for deposit
in the United States mail at Corcoran, in the County of
Kings, California.

Sixth District Court
333 West Santa Clara St. #1060
San Jose, CA 95113-1717

Executed under penalty of perjury this 11 day of
January, 2008, at Corcoran, California.

DECLARANT



OFFICE OF THE CLERK

**Court of Appeal**
**State of California**

SIXTH APPELLATE DISTRICT

MICHAEL J. YERLY, CLERK

333 WEST SANTA CLARA STREET #1060
SAN JOSE, CA 95113
(408) 277-1004
WWW.COURTINFO.CA.GOV/COURTS/COURTSOFAPPEAL

Dear Sir/Madam:  *Ventura*

Your document is returned herewith for one of the following reasons:

1.    The document is returned because *We do not have an active case. You may submit the form attached MC-275*

2.    Fails to contain a proof of service in compliance with the rules of court.

3.    The document fails to contain the proper attorney heading as required by the rules of court.

4.    The document submitted is not timely.

5.    The required number of copies has not been submitted in compliance with rule 8.44 of the California Rules of Court.

After the required corrections have been completed, return the pleadings to this court for filing.

Very truly yours,
Michael J. Yerly, Clerk/Administrator

_____, Deputy Clerk



OFFICE OF THE CLERK

Court of Appeal
State of California

SIXTH APPELLATE DISTRICT

MICHAEL J. YERLY, CLERK

333 WEST SANTA CLARA STREET #1060
SAN JOSE, CA 95113
(408) 277-1004
WWW.COURTINFO.CA.GOV/COURTS/COURTSOFAPPEAL

Dear Sir/Madam: Robert Elias Ventura (V80485)

Your document is returned herewith for one of the following reasons:

1.    The document is returned because - you must use the mandatory form MC-275 (which is attached)

2.    Fails to contain a proof of service in compliance with the rules of court.

3.    The document fails to contain the proper attorney heading as required by the rules of court.

4.    The document submitted is not timely.

5.    The required number of copies has not been submitted in compliance with rule 8.44 of the California Rules of Court.

After the required corrections have been completed, return the pleadings to this court for filing.

Very truly yours,
Michael J. Yerly, Clerk/Administrator

, Deputy Clerk

# SIXTH DISTRICT APPELLATE PROGRAM

A Non-Profit Corporation

---

100 N Winchester Blvd., Suite 310
Santa Clara, CA 95050

(408) 241-6171 - Main
(408) 241-2877 - Fax

Executive Director
*Michael A. Kresser*

Assistant Director
*Dallas Sacher*

Law Office Manager
*Yolanda Edwards*

Staff Attorneys
*Lori A. Quick*
*Vicki I. Firstman*
*William M. Robinson*
*Jonathan Grossman*
*Paul Couenhoven*

January 7, 2008

Robert Ventura
V-80485
Corcoran State Prison
P.O. Box 3476
Corcoran, CA 93212-3476

Dear Mr. Ventura,

     I have received your letter postmarked January 4, 2008. It appears from your letter that you wish to file a petition for a writ of habeas corpus. As I wrote in my last letter, habeas petitions are considered civil proceedings, even if they arise from a criminal case. Generally, an indigent prisoner is not entitled to appointed counsel to assist with the preparation of a habeas petition. However, if an indigent prisoner files a habeas corpus petition and the court determines the petition states a prima facie case for relief, then due process considerations require the court to appoint counsel to represent the prisoner. (*People v. Barton* (1978) 21 Cal.3d 513, 519 fn. 3; *People v. Shipman* (1965) 62 Cal.2d 226, 232; Cal. Rules of Court, rule 4.551(c)(2).) It appears that you have already filed a habeas petition which was denied. Thus, you are not entitled to appointed counsel. (*People v. Clark* (1993) 5 Cal.4th 750, 783, fn. 20; *Redante v. Yockelson* (2003) 112 Cal.App.4th 1351, 1356.) We do represent indigent defendants on direct appeal when appointed by the Court of Appeal. However, you were sentenced on May 11, 2005. A notice of appeal should have been filed no later than July 10, 2005, two and one-half years ago. (California Rules of Court, rule 8.308(a).) It would be pointless to ask for permission to file a late notice of appeal at this late date.

     Typically, when people in your position write to us for help, we advise them to file a habeas petition and we send them the appropriate form. Because you have already filed a petition which was denied, and because we do not represent you on that petition, there is nothing we can do for you. I am sorry we cannot be of more assistance. I wish you the best of luck.

Sincerely,

Lori A. Quick
Staff Attorney

# SIXTH DISTRICT APPELLATE PROGRAM

A Non-Profit Corporation

---

100 N Winchester Blvd., Suite 310
Santa Clara, CA 95050

(408) 241-6171 - Main
(408) 241-2877 - Fax

Executive Director
*Michael A. Kresser*

Assistant Director
*Dallas Sacher*

Law Office Manager
*Yolanda Edwards*

Staff Attorneys
*Lori A. Quick*
*Vicki I. Firstman*
*William M. Robinson*
*Jonathan Grossman*
*Paul Couenhoven*

December 28, 2007

Robert Ventura
V-80485
Corcoran State Prison
P.O. Box 3476
Corcoran, CA  93212-3476

Dear Mr. Ventura,

We have received several documents from you: a petition for writ of habeas corpus filed on July 17, 2007; a handwritten opening brief; a letter from the Court of Appeal declining to file a document for noncompliance with the rules of court; a Superior Court order filed October 3, 2007 denying a petition for writ of habeas corpus; and a request for appointment of counsel. Please be advised as follows.

First of all, I cannot help you with a petition for writ of habeas corpus. Because this is considered a civil proceeding, you are not entitled to appointed counsel. (*People v. Clark* (1993) 5 Cal.4th 750, 783, fn. 20; *Redante v. Yockelson* (2003) 112 Cal.App.4th 1351, 1356.) Although we do represent indigent defendants on direct appeal when appointed by the Court of Appeal, it appears from the paperwork you have sent that the time to file a notice of appeal is long past. Your habeas petition indicates that you were sentenced on May 11, 2005. This means you would have had to file a notice of appeal no later than July 10, 2005. (California Rules of Court, rule 8.308(a).) I can think of no reasonable justification to offer the Court for a failure to take action for two and one-half years, and therefore we cannot request permission to file a late notice of appeal.

I am sorry we could not be of more assistance. I wish you the best of luck.

Sincerely,

Lori A. Quick
Staff Attorney

12

# EXHIBIT

# C

EXHIBIT    C

Court of Appeal, Sixth Appellate District - No. H032325
S160550

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re ROBERT VENTURA on Habeas Corpus

The petition for review is denied.

SUPREME COURT
**FILED**

MAR 1 2 2008

Frederick K. Ohlrich Clerk

_____
Deputy

Moreno, J., was absent and did not participate.

GEORGE
Chief Justice

Court of Appeal, Sixth Appellate District - No. H032454
S160234

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re ROBERT VENTURA on Habeas Corpus

The petition for review is denied.

SUPREME COURT
**FILED**

MAR 1 2 2008

Frederick K. Ohlrich Clerk

_____
Deputy

Moreno, J., was absent and did not participate.

_____
GEORGE
Chief Justice

ROBERT VENTURA - CDCR # V-81483
3P-CORCORAN (SHU) 4A 3L-3
P.O. BOX 3476
CORCORAN, CA. 93212-3476

In Pro Per

# IN THE CALIFORNIA SUPREME COURT

COUNTY OF <u>SAN FRANCISCO</u>

No. S160550

In re

Robert Ventura

On Habeas Corpus

REQUEST FOR APPOINTMENT
OF COUNSEL AND DECLARATION
OF INDIGENCE

RECEIVED

MAR 3 - 2008

CLERK SUPREME COURT

I, Robert Ventura, declare that I am a petitioner to the above-referenced matter, that I am incarcerated at [place prison here), and that I an indigent and unable to afford counsel. My total assets are $ -0- and my income is $ -0- per month.

I hereby request that counsel be appointed in this matter so that my interests may be protected by the professional assistance required. In addition, when a court issues an order to show cause, counsel must be appointed for an indigent petitioner who requests counsel. California Rules of Court, rule 4.551 (c)(2).

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on February 25, 2008.

Petitioner

STATE OF CALIFORNIA                                                    ARNOLD SCHWARZENEGGER, *Governor*

# OFFICE OF THE STATE PUBLIC DEFENDER

221 Main Street, 10th Floor
San Francisco, California 94105
Telephone: (415) 904-5600
Fax: (415) 904-5635



April 4, 2008

Mr. Robert Ventura
V-80485
P.O. Box 3476
Corcoran, CA 93212

Dear Mr. Ventura:

This office has received your letter requesting our assistance in challenging your convictions for domestic violence and assault with a deadly weapon. I am sorry, but our office only represents people who have been sentenced to death and only in, and by appointment of, the California Supreme Court. We are not allowed to represent anyone else on any other matters.

I would recommend that you contact the appellate project serving Santa Clara County, where you were convicted. They should be able to provide you with the information you need about the process of challenging a conviction. The following is their contact information:

       Sixth District Appellate Program
       100 N. Winchester Blvd., Suite 310
       Santa Clara, CA 95050
       408-241-6171

Again, I am sorry that this office cannot be of assistance to you. Best of luck with your case.

Sincerely,

C. Delaine Renard
Deputy State Public Defender



# Judicial Council of California
## ADMINISTRATIVE OFFICE OF THE COURTS

455 Golden Gate Avenue • San Francisco, California 94102-3688
Telephone 415-865-4200 • Fax 415-865-4205 • TDD 415-865-4272

To:      Robert J. Ventura
         V-80485, PO Box 3476, 4A-3R-44, Corcoran, California 93212-3476

From:    Judicial Council of California, Administrative Office of the Courts
         Office of the General Counsel

Date:    April 1, 2008

Re:      Your letter to this office dated March 13, 2008

---

To the extent you are seeking intervention in your contemplated lawsuit, please note that neither the Judicial Council nor the Administrative Office of the Courts may intervene on behalf of a litigant in a pending case, nor may either entity offer legal advice to a member of the public as to how to proceed with, or in, a lawsuit.

If you have internet access, however, information about many legal issues, small claims, and Judicial Council forms is available at the California Courts online Self-Help Center at www.courtinfo.ca.gov. Information on where to find free and low-cost legal help is available at www.courtinfo.ca.gov/selfhelp/lowcost.

If you are interested in retaining an attorney to assist you in your case, you may wish to contact the State Bar of California for information about its lawyer referral services.

Please note that this memorandum is intended to be informational only, and is neither intended to be legal advice nor to create an attorney-client relationship. This office may not represent nor give legal advice to members of the public, including advice regarding the use or applicability of any particular Judicial Council form.

1·5

# EXHIBIT

# D

EXHIBIT    D



IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT



FILED

MAR 2 4 2008

MICHAEL J. YERLY, Clerk

By _____
                DEPUTY

In re ROBERT VENTURA,

on Habeas Corpus.

H032716
(Santa Clara County
 Super. Ct. No. CC455119)

BY THE COURT:

The petition for writ of habeas corpus is denied.

(Bamattre-Manoukian, Acting P.J., Mihara, J., and McAdams, J.,

participated in this decision.)

Dated ___MAR 2 4 2008___    BAMATTRE-MANOUKIAN, J.

_____ Acting P.J.

## PROOF OF SERVICE BY MAIL

I, _Robert Elias Ventura_____, declare that I am over 18 years of age, and a

party to the attached herein cause of action, that I reside at California State Prison at

Corcoran, in the County of King, California.

My mailing address is: _C.S.P - SHU. 4A-3L-41_____

_P.O. Box 3476 Corcoran Cal. 93212-3476_____.

On _April  17____, 20_08_, I delivered to prison officials for mailing, at the

above address, the attached: _Motion For Counsel And Application_

_For Waiver of Court Fees And Costs. Supreme Court_

_Case No. #HD32716 / CC455119; Declaration; Transcripts_ Rule 32(A)

Rule 35(b)

in sealed envelope(s), with postage fully prepaid, and addressed to the following:

(1) _Frederick K. Ohlrich_____    (2) _Attorney General_____

_350 Mc Allister Street_____    _455 Golden Gate Ave (Suite 11000)_

_San Francisco Ca 94102_____    _San Francisco, CA 94102_____

_____    _____

(3)_____    (4)_____

_____    _____

_____    _____

_____    _____

I declare under penalty of perjury that the foregoing is true and correct to the best of
my knowledge.  Executed this _17_ day of _April_____, 20_08_, at
California State Prison, Corcoran.

_Robert Ventura_____
In Pro Per

1 | Robert Elias Ventura    CDC # V-80485

2 | CSP-CORCORAN    4A-3R-44

3 | P.O. Box 3476        E-filing

4 | CORCORAN, CA. 93212-3476

FILED
08 MAR 28 PM 3:04
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

5

6 | UNITED STATES DISTRICT COURT FOR THE NORTHERN

7 | DISTRICT OF CALIFORNIA

8 | Robert Elias Ventura

9 | PLAINTIFF                              No.                        SBA

10

11 |          V.                    REQUEST FOR APPOINTMENT OF

12 | ADAMS (WARDEN)              COUNSEL AND DECLARATION OF

13 | DEFENDANT                   INDIGENCY IN SUPPORT        (PR)

14

15

16 |        I, Robert Elias Ventura       , DECLARE THAT I AM A PETITIONER

17 | TO THE ABOVE-REFERENCED MATTER, THAT I AM INCARCERATED AT CSP-

18 | CORCORAN, AND THAT I AN INDIGENT AND ILLITERATE AND UNABLE TO

19 | AFFORD COUNSEL. MY TOTAL ASSETS ARE $ 00.00 AND MY INCOME IS

20 | $ 00.00 PER MONTH.

21 |        I HEREBY REQUEST THAT COUNSEL BE APPOINTED IN THIS MATTER SO

22 | THAT MY INTERESTS MAY BE PROTECTED BY THE PROFESSIONAL ASSISTANCE

23 | REQUIRED. IN ADDITION, WHEN A COURT ISSUES AN ORDER TO SHOW CAUSE,

24 | COUNSEL MUST BE APPOINTED FOR AN INDIGENT PETITIONER WHO REQUEST

25 | COUNSEL. (18 U.S.C. § 3006 A. (9).) IF AN EVIDENTIARY HEARING IS ORDERED,

26 | THIS DISCRETIONARY POWER BECOMES A MANDATORY RULE FOR APPOINTMENT.

27 | (FEDERAL HABEAS RULE 8 (c).) GENERAL COUNSEL SHOULD BE APPOINTED

28 | WHERE "FUNDAMENTAL FAIRNESS" REQUIRES IT. (see SCHULTZ V. WAINWR

(1)

NOTICE OF APPEAL TO A COURT OF APPEALS FROM A JUDGMENT.

FILED

08 MAR 28 PH 3: 30

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT CALIFORNIA

United States District Court For The Northern District of California

E-filing

Robert Elias Ventura
Plaintiff

v.

Darrel Adams,

Defendant.

Notice of Appeal

NO.  CV 08   1708

SBA

(PR)

Notice is hereby given that Robert Elias Ventura Plaintiff in the Above Named Case, Hereby Appeal to the United States Court of Appeals For The Supreme Court of California From The Final Judgment from An Order (The Petition For Review is Denied). See Attached Document..

Entered in This Action on The 12 Day of March, 2008.

Respectfully Submitted

Robert Ventura

Date:    March 21 2008

1.

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SANTA CLARA

THE PEOPLE OF THE STATE OF CALIFORNIA,

                      Plaintiff, |

                      vs.

ROBERT ELIAS VENTURA (11/19/1965), 3K,
  aka ROBERT ELIAS VENTURA,
1820 MIDFIELD AVE #4, SAN ANDREAS, CA

                    Defendant(s)|

DA NO    040615474
CEN
04029751  RV *

FIRST AMENDED
INFORMATION NO.  CC455119

# DOMESTIC VIOLENCE

## INFORMATION SUMMARY

| Count | Charge | Charge Range | Defendant | Allegation | Alleg. Effect |
|---|---|---|---|---|---|
| 1 | PC245(a)(1) | 2-3-4 | ROBERT ELIAS VENTURA | PC667/1192.7 | |
| 2 | PC236-237 | 16-2-3 | ROBERT ELIAS VENTURA | PC12022(b)(1) | 1 YEAR |
| 3 | PC422 | 16-2-3 | ROBERT ELIAS VENTURA | PC12022(b)(1) | 1 YEAR |
| 4 | PC273a(b) | | ROBERT ELIAS VENTURA | | |
| 5 | PC148(a)(1) | | ROBERT ELIAS VENTURA | | |
| 6 | PC836.6(b) | | ROBERT ELIAS VENTURA | | |
| | Prior/Alleg: | | ROBERT ELIAS VENTURA | PC667(b)-(i)/1170.12 | see code |
| | Prior/Alleg: | | ROBERT ELIAS VENTURA | PC667(b)-(i)/1170.12 | see code |
| | Prior/Alleg: | | ROBERT ELIAS VENTURA | PC667(b)-(i)/1170.12 | see code |
| | Prior/Alleg: | | ROBERT ELIAS VENTURA | PC667.5(a) | 3 yrs |
| | Prior/Alleg: | | ROBERT ELIAS VENTURA | PC667.5(a) | 3 yrs |
| | Prior/Alleg: | | ROBERT ELIAS VENTURA | PC667.5(b) | 1 yr |
| | Prior/Alleg: | | ROBERT ELIAS VENTURA | PC667.5(b) | 1 yr |

IN THE SUPERIOR COURT OF THE
STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF SANTA CLARA
THE PEOPLE OF THE STATE OF CALIFORNIA,

|  |  |  |
|---|---|---|
| PLAINTIFF, | ) ) ) ) | REPORT OF PROBATION OFFICER |
| vs. | ) ) | No.: CC455119 March 22, 2005 |
| ROBERT ELIAS VENTURA, | ) ) | G. Behrens, D.A. C. Clift, P.D. |
| AKA: | ) | |
| DEFENDANT, | ) ) ) | |

---

## COURT DATA

SENTENCING COURT: Honorable Arthur Bocanegra

CHARGE: Count One, Section 245(a)(1) of the Penal Code (Assault With a Deadly Weapon)

With Section 667/1192.7 of the Penal Code (Personal Use of Dangerous and Deadly Weapon - Serious Felony)

Count Five, Section 148(a)(1) of the Penal Code (Resisting, Delaying, Obstructing an Officer), a misdemeanor

PRIORS: Three Within the Meaning of Section 667(b)-(i)/1170.12 of the Penal Code (Strike Priors - 25 Years to Life)

#1: Discharge of Firearm at Inhabited Dwelling or Vehicle, Section 246 of the Penal Code, Santa Clara County (117912)

#2: Robbery, Section 211/212.5(b) of the Penal Code, Contra Costa County (3-163856-8)

#3: Arson, Section 451(b) of the Penal Code, Contra Costa County (3-163856-8)

In the Case of ROBERT ELIAS VENTURA
Info. #:CC455119                                    March 22, 2005

Two Within the Meaning of Section 667(a) of the Penal
Code (Serious Felony Priors - 5 Years Each)

#1: Arson of Inhabited Structure, Section 451(b) of
the Penal Code, Contra Costa County (03-163856-8)

#2: Shooting at Inhabited Dwelling/Vehicle, Section
245 of the Penal Code, Santa Clara County (117912)

Two Within Meaning of Section 667.5(a) of the Penal
Code (Violent Felony Prison Priors - 3 Years Each)

#1: Robbery, Section 211/212.5(b) of the Penal Code,
Contra Costa County (3-163856-8)

#2: Discharge of a Firearm at Inhabited Dwelling or
Vehicle, Section 246 of the Penal Code, Santa Clara
County (117912)

Two Within the Meaning of Section 667.5(b) of the
Penal Code (Prison Priors - 1 Year Each)

#1: Burglary, Section 459/460.2 of the Penal Code,
Santa Clara County (128369)

#2: Arson, Section 451(b) of the Penal Code, Contra
Costa County (3-163856-8)

PROBATION ELIGIBILITY:    Ineligible pursuant to Section 667(c)(2)
                          of the Penal Code; limited eligibility
                          pursuant to Sections 1203(e)(2) and
                          1203(e)(4) of the Penal Code

DATE OF OFFENSE:  May 31, 2004

DATE OF ARREST:  May 31, 2004                    _not Knowing or Understanding_

CONVICTION:  Pled Guilty and admitted Serious Felony allegation
             on January 24, 2005; Strike Priors, Serious Felony
             Priors, and Prison Priors were Found True by Court
             Trial on February 4, 2005.

CONDITIONS:  None

REMAINING CHARGES:  Count Two, Section 236/237 of the Penal

2

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SANTA CLARA**
**ATTACHMENT PAGE**

PEOPLE vs. Robert Elias Ventura

CASE # CC455119
DATE: 04029751

| Count | F/M | Violation | Prison Term /Yrs | Enhancements / Priors | Yrs/Styd/Strkn | County Jail |
|---|---|---|---|---|---|---|
| | | | | PC 667.5(A) | Styd Pur to P.V. Jones | |
| | | | | PC 667.5(b) | Styd Pur to P.V. Jones | |
| | | | | PC 667(b)(i)/1170.12 | | |
| | | | | PC 667(b)(i)/1170.12 | STRKN (punishment) | |

6. A has worked in his rehabilitation to the best of his abilities while in custody
7. His prospects of employment are positive
3. The robbery + Arson occurred during a single period of aberrant behavior + occurred 11 yrs ago
1. A is in good health
2. A has demonstrated a willingness to participate in rehabilitation program

**Strike Prior(s) stricken pursuant to PC1385 based on the following reasons:**

1. The A has demonstrated remorse
2. The A has become a Minister while in custody
3. The age of the A and has been maintaining work
4. The A has become involved with breaking barriers and participating in such programs
5. The A has an enormous amount of family support & community support

## ADDITIONAL PROBATION CONDITIONS:

] Participate in San Jose Alternatives to Violence Men's Drop-In Group until enrolled in Domestic Violence Program
] Participate in Alcohol/Child Abusers or other therapeutic program/counseling as directed by APO/Court

] Participate in [ ] Delete  [ ]Reinstate  [ ] 1st Offender [ ] 3 mos [ ] 6 mos [ ] MOP [ ] Report within _____days
] DL suspended/revoked/restricted for _____days/mos/yrs to, from, during [ ] Work/Alc Prog/School/Appts_____ [ ] Pur VC_____
] IID advised / ordered / removed. Term_____yrs. [ ] Vehicle impounded / not impounded  [ ] Standard conditions Pursuant VC23600

] Pay all certified batterer's program participation fees
] Do not annoy, molest, strike, attack, threaten, harass, batter, sexually assault or disturb the peace of the victim
] No contact with victim or family / co-defendants unless approved by APO / Court
] No contact by mail / pager / portable communication device
] Stay away from victim's residence and place of employment
] Stay_____ feet / yards from victim
] May have contact with victim under conditions approved by APO
] Obey all Family Court orders
] Shall not use corporal punishment in the disciplining of children

] No illegal drugs / medications without a prescription
] Take all medications as prescribed

] GANG ORDERS: no insignia, tattoos, emblem, button, badge, cap, hat, scarf, bandanna, jacket, or other article of clothing which is evidence of affiliations with/or membership in a gang, no association with gang members, not frequent any areas of gang related activity. Shall not be adjacent to any school campus during school hours unless enrolled or with prior administrative permission. Shall not appear at any court

V80485

*Entered as 2nd Striker per V. Crenshaw CCRA & M.J. Brust, CCRS*

ABS
SING
[No...]

COMMITMENT – DETERMINATE
...M CONSECUTIVE COUNT FORM
...tions or for 1/3 consecutive sentences.]          CR-290.1

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLAI...
BRANCH OR JUDICIAL DISTRICT   HOJ

PEOPLE OF THE STATE OF CALIFORNIA vs.
DEFENDANT: Robert Elias Ventura

AKA:
CIM:

BOOKING INFORMATION: PFN CDZ126   CEN: 04029751

CASE NUMBER
CC455119

INPUT OBIS

☐ NOT PRESENT

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT                    ☐ AMENDED ABSTRACT

| DATE OF HEARING 05-11-2005 | DEPT. NO. 44 | JUDGE Arthur Bocanegra |
|---|---|---|
| CLERK R. Loza | REPORTER J. Hernandez | PROBATION NUMBER OR PROBATION OFFICER P. Rae |
| COUNSEL FOR PEOPLE G. Behrens | ☐ State Attorney General | COUNSEL FOR DEFENDANT C. Clift    ☒ APPTD. |

1. Defendant was convicted of the commission of the following felony:

| CNT. | CODE | SECTION NO. | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (Month/Date/Year) | CONVICTED BY Jury | Court | Plea | TERM L, M, U | TIME IMPOSED YRS. | MOS. |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC | 245(a)(1) | Assault with a deadly weapon | 2004 | 01-24-2005 | | | X | M | 3 | 0 |

ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENTS.

| COUNT | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| 1 | PC667/1192.7 | 3 | | | | | | | 3    0 |

ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTION OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENTS.

| ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| PC667(a) x 2 | 10 | PC667.5(a) | 3 | PC667.5(b) | 1 | PC667.5(a) | S | 14   0 |
| PC667.5(b) | S | | | | | | | |

☐ Defendant was sentenced pursuant to PC 667 (b)-(i) or PC 1170.12 (two-strikes).

FINANCIAL OBLIGATIONS (including any applicable penalty assessments):
Restitution Fine of: $4000 per PC 1202.4(b) forthwith per PC 2085.5; $4000 per PC 1202.45 suspended unless parole is revoked.
Restitution per PC 1202.4(f): ☒GEN / ☐ Amount to be determined   to: ☐ victim(s)*   ☐ Restitution Fund
   (*List victim name(s) if known and amount breakdown in item 7, below.)
Fine(s) [PA included]: $_____ per PC 1202.5.   $_____ per VC 23550 or _____ days ☐ county jail ☐ prison in lieu of fine ☐ CC ☐ CS
Lab Fee $_____ per HS 11372.5(a) for counts _____.   ☐ Drug Program Fee of $150 + PA _____per HS 11372.7(a).
TESTING:   a. ☐ AIDS pursuant to PC 1202.1   b. ☒ DNA pursuant to PC 296   c. ☐ other (specify):
Other orders (specify): Advised 5yrs parole. Romero Motion granted striking 2 strike priors. Dismissal counts 2, 3, 4, 6. PC12021 ordered.
not own/possess deadly weapons. Destroy weapon PC12028/12029/SJPD 04-153-0321. Count 5misd[PC148(a)(1)] 6mos CJ c/c. Probation denied. SECA $20.

| TOTAL TIME IMPOSED excluding county jail term: | 20 | 0 |
|---|---|---|

☐ This sentence is to run concurrent with (specify):

1. Execution of sentence imposed
   a. ☒ at initial sentencing hearing.
   b. ☐ at resentencing per decision on appeal.
   c. ☐ after revocation of probation.
   d. ☐ at resentencing per recall of commitment. (PC 1170(d).)
   e. ☐ other (specify):

| DATE SENTENCE PROUNOUNCED 05-11-2005 | CREDIT FOR TIME SPENT IN CUSTODY 518 | TOTAL DAYS: INCLUDING: | ACTUAL LOCAL TIME 346 | LOCAL CONDUCT CREDITS 172 | ☒ 4019 ☐ 2933.1 | SERVED TIME IN STATE INSTITUTION (number of days) ☐ DMH   ☐ CDC   ☐ CRC |
|---|---|---|---|---|---|---|

2. The defendant is remanded to the custody of the sheriff   ☒ forthwith   ☐ after 48 hours, excluding Saturdays, Sundays, and holidays.
   to be delivered to:   ☐ reception center designated by Director, California Department of Corrections.
   ☒ Other (specify): STAY TRANSPORTATION 05/18/2005

CLERK OF THE COURT:   I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE Gina Colbenson | DATE 05-17-2005 |
|---|---|

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for determinate ... ... used but must be referred to in this document.
Form Adopted for Mandatory Use
Judicial Council of California
CR-290.1 [Rev. January 1, 2003]

ABSTRACT OF JUDGMENT PRISON COMMITMENT – DETERMINATE
SINGLE, CONCURRENT OR FULL-TERM CONSECUTIVE COUNT FORM

Penal Code
§§ 1170, 1213, 1213.5

HALL OF JUSTICE
190 W. HEDDING STREET
SAN JOSE, CA 95110
ROBERT ELIAS VENTURA
1820   MIDFIELD DR 4
SAN JOSE, CA 95111
HON. ARTHUR BOCANEGRA
J HERNANDEZ/WAIVED
PUBLIC DEFENDER

CASE NO. CC463119
CEN   DEPT 4029751
DATE   44
05/11/2005   9:00 AM
CLERK   11/19/1965 CAC4946274   CDY BK:Y
R LOZA/B-CLARK   CDZ126 M
HEARING
AGENCY   ROMERO HEARING
STATUS   SJ-04313-3080 —UNGER   TW Y
I-SET -500000   APD

D.A. George Behrens.   Patricia Rae

F(001) PC245(A)(1)   F(002) PC236/237   VIOLATION DATE
F(003) PC422   F(004) PC273a(b)   05/31/2004
M(005) PC148(a)(1)   M(006) PC350.(pb)

Casey Clift

NEXT APPEARANCE
☑ Defendant Present ☐ Not Present   ☑ Atty Present   AD (PD) Legal Aide / Special App   ☐ Sworn
...
(form checkboxes)

LEA Conditions: ☐ None ☐ No State Prison ☐ PC17 after 1 Yr Prob ☐ Includes VOP
Jail / Prison Term of   Ct 2,3,4 to MDA this time
...

FINES/FEES: PAY TO ☐ DOR ☐ COURT ☐ TODAY
DRF (RF) $4000   Add'l RF $4000   Susp'd PC1202.45
SECA $20
CTS PC2900.5

ATTY 04-153-032

☑ Restitution $ general

Sentenced to ☐ State Prison/County Jail ☐ Sent Suspended
PROBATION DENIED

20 yrs CDC

| Count | F/M | Violation | Yrs / Yrs | Enhancement / Priors | Yrs / Styd / Strkn | HRS / DAYS / MOS |
|-------|-----|-----------|-----------|----------------------|---------------------|-------------------|
| E | PC24(a)(1) | Mid / 3yrs | | CCW | 6 MOSC/J |
| 5 | M | PC148(A)(1) | | PC1667/192.7 / 3Yrs / CH | |

PC667(A) 10YRS / PC667.5(A) 3YRS / PC667.5(B) 1yr

= 348   ACT + 172   ☑ PC4019 ☐ PC2933.1 =   518   TOTAL DAYS   TOTAL TERM   20yrs CDC

☐ Straight time ☐ In Camp ☐ WWP ☐ PC1209 Fees ☐ Waived ☐ Court Rec____All / Except ☐ EMP/PSP/WF/ERP/DRP/Co Parole/NP

☑ AM/PM ☑ Stay / Surrender / Transport to   May 18, 2005   ☐ AM/PM or Sooner
REMANDED-BAIL $____ ☐ NO BAIL ☑ COMMITTED ☐ RELEASED ☐ OR ☐ SORP ☐ DOC TO CONTACT JAC FOR ASS'M'T ☐ P36

PROMISE TO APPEAR: I will appear at all times and places as ordered by the Court, and have read and understand all conditions set forth on the reverse side.

Robert Ventura V. 80485
CSP- Corcoran  Shu  4A-3L-41L
P.O. Box 3476
Corcoran CA 93212-3476
In Propria Persona.

**S162926**

SUPREME COURT
**FILED** with permission

APR 2 3 2008

IN THE CALIFORNIA SUPREME COURT. Frederick K. Ohlrich Clerk

_____
DEPUTY

Robert Ventura

Petitioner.

V.

People of the State of California

Respondent.

No. Ho32716 / CC455119.

Motion For Order For Typewritten Transcripts of 1989 Case. Present Case Of Sentencing Hearing, Two Marsden Seperate Hearings, Probation Report. And For Clerk's Transcripts to Consist of Minutes Orders. Abstract of Judgment, Commitment Order, etc. Points And Authorities And Declarations.

To The Honorable Presiding Judge or Designate: Now Comes, Petitioner And Ex Parte Movant. In Forma Pauperis., In Propria Persona, And Respectfully Moves This Honorable Court For its Order For the Preparation of (A) The Clerk's Transcripts on Appeal, to Contain The Required And /or Specified Copies delineated in Rule 33 (A)(1)(A)(K) Of The California Rules Of Court, Pertinent to the Instant Appeal, And 1989 Case's No. *128369 And Case No.*117912.. Plea Bargain Contract.. In Santa Clara County Superior Court. (b) The Reporter's Transcripts on Appeal, to Contain the Required And /or Specified typewritten Transcripts of The Proceedings delineated in Rule 33 (A)(2)(A)-(C) of The California Rules Of Court, Pertinent Provisions Thereof, And The Following, Additional Hearings / Proceedings Pertinent to the Appeal,, In Santa Clara County Superior Court No.# CC455119.. On

1.



IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

FILED

MAR 2 4 2008

MICHAEL J. YEHLY, Clerk

By _____
                    DEPUTY

In re ROBERT VENTURA,                    H032716

    on Habeas Corpus.                    (Santa Clara County
                                                          Super. Ct. No. CC455119)

BY THE COURT:

    The petition for writ of habeas corpus is denied.

*Transcripts Denied*

    (Bamattre-Manoukian, Acting P.J., Mihara, J., and McAdams, J.,

participated in this decision.)

BAMATTRE-MANOUKIAN, J.

Dated ____MAR 2 4 2008____    _____ Acting P.J.

MARY JAMESON
AUTOMATIC APPEALS SUPERVISOR

JORGE NAVARRETE
SUPERVISING DEPUTY CLERK

SAN FRANCISCO
—
NATALIE ROBINSON
SUPERVISING DEPUTY CLERK

LOS ANGELES



☐ SAN FRANCISCO 94102
EARL WARREN BUILDING
350 McALLISTER STREET
(415) 865-7000
—
☐ LOS ANGELES 90013
RONALD REAGAN BUILDING
300 SOUTH SPRING STREET
(213) 830-7570

## Supreme Court of California

**FREDERICK K. OHLRICH**
COURT ADMINISTRATOR AND
CLERK OF THE SUPREME COURT

April 24, 2008

Robert Ventura, CDC# V-80485
California State Prison, Corcoran
P. O. Box 3476
Corcoran, Ca 93212

    Re:   **S162926 – Ventura (Robert) on H.C. (review)**

Dear Mr. Ventura:

      No action may be taken on your request to appoint counsel to represent you in the above-referenced case. The court does not appoint counsel in these matters unless review is granted. Should the court issue an order granting review, you will be notified and provided with the appropriate form to assist this office with the appointment of counsel to represent you.

                Very truly yours,

                FREDERICK K. OHLRICH
                Court Administrator and
                Clerk of the Supreme Court

By:  Joseph Cornetta, Deputy Clerk

MARY JAMESON
AUTOMATIC APPEALS SUPERVISOR

JORGE NAVARRETE
SUPERVISING DEPUTY CLERK

SAN FRANCISCO

——

NATALIE ROBINSON
SUPERVISING DEPUTY CLERK

LOS ANGELES



**Supreme Court of California**

FREDERICK K. OHLRICH
COURT ADMINISTRATOR AND
CLERK OF THE SUPREME COURT

☐ SAN FRANCISCO 94102
EARL WARREN BUILDING
350 McALLISTER STREET
(415) 865-7000

——

☐ LOS ANGELES 90013
RONALD REAGAN BUILDING
300 SOUTH SPRING STREET
(213) 830-7570

April 23, 2008

Robert Ventura, CDC# V-80485
California State Prison, Corcoran
P. O. Box 3476
Corcoran, Ca  93212

Re:     **S162926 – Ventura (Robert) on H.C. (late review)**

Dear Mr. Ventura:

The court has granted permission to file the untimely petition for review and the petition was filed this date.

An answer to the petition may be served and filed on or before May 13, 2008, 20 days after the petition is filed.  The answer may present additional issues desired for review if the petition for review is granted.

A reply to the answer may be filed within 10 days after filing of the answer, limited to the additional issues presented in the answer, if any.

Very truly yours,

FREDERICK K. OHLRICH
Court Administrator and
Clerk of the Supreme Court

*Joseph Cornetta*

By:  Joseph Cornetta, Deputy Clerk

Cc:     Court of Appeal, Sixth Appellate District
Attorney General, San Francisco Office

## PROOF OF SERVICE BY MAIL

I, _Robert Ellis Ventura_, declare that I am over 18 years of age, and a

party to the attached herein cause of action, that I reside at California State Prison at

Corcoran, in the County of King, California.

My mailing address is: _C.S.P – SHU. 4A-3L-41_

_P.O. Box 3476 Corcoran Cal. 93212-3476_

RECEIVED

APR 2 3 2008

CLERK SUPREME COURT

On _April 17_, 20 _08_, I delivered to prison officials for mailing, at the

above address, the attached: _Motion For Counsel And Application_

_For Waiver of Court Fees And Costs. Supreme Court_

_Case No. #HD32716/SCC455119; Declaration; Transcripts Rule 33(A)_
_Rule 38(6)_

in sealed envelope(s), with postage fully prepaid, and addressed to the following:

(1) _Frederick K. Ohlrich_          (2) _Attorney General_

_350 Mc Allister Street_             _455 Golden Gate Ave (Suite 11000)_

_San Francisco CA 94102_            _San Francisco, CA 94102_

_____     _____

(3)_____     (4)_____

_____     _____

_____     _____

_____     _____

I declare under penalty of perjury that the foregoing is true and correct to the best of
my knowledge. Executed this _17_ day of _April_, 20 _08_, at
California State Prison, Corcoran.

_Robert Ventura_

In Pro Per

## PROOF OF SERVICE BY MAIL

RECEIVED

APR 2 3 2008

CLERK SUPREME COURT

I, Ventura _____, declare that I am over 18 years of age, and a party to the attached herein cause of action, that I reside at California State Prison at Corcoran, in the County of King, California.

My mailing address is: C.S.P. SHu. 4A-3L-41

P.O. Box 3476 Corcoran CA 93212-3476.

On April 18_____, 20 08, I delivered to prison officials for mailing, at the above address, the attached: Motion For Request For

Extension of ☒ Court Dead line, And

Application For Relief From Default Affidavit

in sealed envelope(s), with postage fully prepaid, and addressed to the following:

(1) Frederick k._____    (2) _____

350 Mc Allister Street_____    _____

San Francisco CA_____    _____

94102_____    _____

(3) _____    (4) _____

_____    _____

_____    _____

_____    _____

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this 18 day of _____April_____, 20 08, at California State Prison, Corcoran.

_____

In Pro Per

*Proof of Service – Mail*

## **PROOF OF SERVICE**

Re:    Case Number  S162926 _____

Case Title  Ventura (Robert) on H.C. (review) _____

I hereby declare that I am a citizen of the United States, am over 18 years of age,
and I am not a party in the above-entitled action.  I am employed in the
County of   San Francisco _____    and my business  address is
   350 McAllister, room 1295, San Francisco, Ca 94102 _____

On  April 23, 2008 _____, I served the attached document described
as a   petition for review _____

on the parties in the above-named case.  I did this by enclosing true copies of the
document in sealed envelopes with postage fully prepaid thereon.  I then placed the
envelopes in a U.S. Postal Service mailbox in   San Francisco _____, California,
addressed as follows:

Office of the Attorney General
San Francisco
455 Golden Gate Avenue                COURT OF APPEAL
Suite 11000                          SIXTH APPELLATE DISTRICT
San Francisco, Ca 94102              333 W. SANTA CLARA ST.
                                     SAN JOSE, CA 95113

I,   Joseph Cornetta _____, declare under penalty of
perjury that the foregoing is true and correct.

Executed on  April 23, 2008 _____, at  350 McAllister
San Francisco, _____, California.

_____
Signature

# S162926

1  Robert Ventura - CDCR # V80485
2  CSP-Corcoran SHU HA 3L-3
   P.O. Box 3476
3  Corcoran, CA. 93212-3476
4     In Propria Persona

5

6              IN THE **CALIFORNIA** SUPREME
7                      COURT

8

9  Robert Ventura                    NO. H032716 / NO. CC455119

10 Petitioner,                       REQUEST FOR APPOINTMENT

11                                   OF COUNSEL AND DECLARATION

12 On Habeas Corpus                  OF INDIGENCY

13

14

15     I, Robert Ventura, declare that I am a petitioner to the above-referenced matter, that
16 I am incarcerated at CSP-Corcoran SHU, and that I am indigent and unable to afford counsel.
17 My total assets are $ 00.00 and my income is $ 00.00 per month.
18     I hereby request that counsel be appointed in this matter so that my interests may
19 be protected by the professional assistance required. Government Code § 15421; Penal Code
20 § 1240; Griffin V. Illinois (1956) 351 U.S. 12 [76 S.Ct. 585; 100 L.Ed. 891]; Douglas V. California
21 (1963) 372 U.S. 353 [9 L.Ed. 2d 811]; In re Henderson (1964) 61 Cal.2d 541 [39 Cal. Rptr. 373].
22 In addition, when a court issues an order to show cause, counsel must be appointed for
23 an indigent petitioner who request counsel. California Rules of Court, rule 4.551 (c)(2).
24     I declare under penalty of perjury that the foregoing is true and correct and that
25 this declaration was executed on APRiL 17, 2008.

26

27                                        Robert Ventura
28                                        Petitioner

Robert Ventura    V-80485
(name)                  (number)

P.O. Box 3476    4A-3L-03
(address)

Corcoran    , CA    93212
(city)        (state)    (zip)

In Pro Se

IN THE CALIFORNIA SUPREME COURT

County OF SAN FRANCISO
(court)

In re    No. H032716 / CC455119

Robert Ventura    , Request for Leave to Proceed Informa Pauperis
(petitioner)

On Habeus Corpus/

To: The Honorable Justice(s) of the above-entitled court.

I, Robert Ventura, hereby declare that I am the petitioner to the above-referenced
(name)

matter; that I am incarcerated at Corcoran    , and that I am poor and unable to
(prison)

afford legal counsel, fees and costs in this matter.

I declare that the foregoing is true and correct. Executed at Corcoran    , California, on
(city)

April 17, 2008
(date)

Robert Ventura

In Pro Se

## PROOF OF SERVICE BY MAIL

### BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, Robert Ventura V-80485 , declare:

I am over 18 years of age and a party to this action. I am a resident of CORCORAN State

_____ Prison,

in the county of CORCORAN

State of California. My prison address is: CSP- SHu. 4A-3L-03

P.O. Box 3476 CORCORAN CA 93212

On MAY 1 2008
        (DATE)

I served the attached: Petition For Writ Of Habeas Corpus

(DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage

thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional

institution in which I am presently confined. The envelope was addressed as follows:

U.S. District Court              ATTORNEY GENERAL OFFICE
450 Golden Gat Ave              455 Golden Gate Ave Suite 11000
P.O. Box 36060                   San Francisco, CA 94102
San Francisco CA 94102 -9680

I declare under penalty of perjury under the laws of the United States of America that the foregoing

is true and correct.

Executed on MAY 1 2008
            (DATE)                          (DECLARANT'S SIGNATURE)

Robert Ventura V. Boyes
P.O. Box 3476    4A-31-03
Corcoran CA 93212



RECEIVED

MAY   7 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SBA

LEGAL MAIL

US District Court
450 Golden Gate AVE
San Francisco CA.
94102