Robert Elias Ventura (V# 80485)
Corcoran State Prison (SHU)
P.O. Box 3476
Corcoran, CA., 93212.

**FILED** 

JUN 1 8 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

In the United States District Court
For the Northern District of California

Robert E. Ventura,
    Petitioner,

v.

Darrel Adams, Warden,
    Respondent.

No. C08-01708 SBA (PR)

Motion for Reconsideration
(F.R.C.P. Rule 60(b));
And Amended Motion
for Appointment of
Counsel. (28 U.S.C.
§ 2255 Rules, 8(c.)).

To the Honorable United States District Court Judge Saundra Brown Armstrong Presiding in the above entitled Court:

I, Robert Elias Ventura, Petitioner, a Layman-at-Law, herein moves this Honorable Court for _Reconsideration_ pursuant to Federal Rules of Civil Procedure - Rule 60(b) in order of denial on Petitioner's motion for Appointment of Counsel.

This motion is based upon the movant-Petitioner's affidavit in support of his motion for Reconsideration and Amended motion for Appointment of Counsel in the foregoing matter. As well as the within Statement of facts and

CONTENTIONS IN MEMORANDUM OF POINTS AND
AUTHORITIES.


## FACTS


ON MARCH 28, 2008 PETITIONER FILED A
NOTICE OF APPEAL IN YOUR RESPECTIVE COURT FROM
FINAL JUDGEMENT AN ORDER OF DENIAL ON PETITION
FOR REVIEW. ALSO, ON MARCH 28, 2008 PETITIONER
FILED A MOTION FOR APPOINTMENT OF COUNSEL.
PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL
WAS DONE HASTILY, IN LAYMAN FORM, AND LACKED
ANY LEGAL STANDING. ON MAY 30, 2008, JUDGE
SAUNDRA BROWN ARMSTRONG DENIED WITHOUT
PREJUDICE; ON THE COURT'S SUA SPONTE RECONSIDERATION
DEPENDENT OF THE COURT'S FINDING OF NECESSITY
OF AN EVIDENTIARY HEARING FOLLOWING CONSIDERATION
OF THE MERITS OF PETITIONER'S CLAIMS. PETITIONER'S
HEREIN NOW BRINGS AN AMENDED MOTION FOR
APPOINTMENT OF COUNSEL.


## CONTENTIONS


LEGAL AUTHORITY FOR APPOINTMENT AND
COMPENSATION OF COUNSEL IS ARTICLE 1, SECTION
§15 OF THE CALIFORNIA CONSTITUTION; THE SIXTH

1  Amendment of the U.S. Constitution ; 23 U.S.C.,
2  section § 1915 (d) ; 18 U.S.C., section § 3006
3  A (9), as interpreted in McClain v. Manson,
4  343 F. Supp. 382 [D. Conn. 1972] ; Payne v.
5  Superior Court, (1975) 17 Cal. 3d 908 ; Salas v.
6  Cortez (1978) 24 Cal. 3d 22 ; Price v. Johnson,
7  161 F. 2d 705 ; Yarborough v. Superior Court
8  (1983) 150 Cal. App. 3d 388 ; and California
9  Penal Code, Section § 1191.1, which expressly
10 grants a right to counsel and equal protection
11 to indigent imprisoned inmates upon request.
12    "As a matter of equal protection and due
13 process under both the Federal and California
14 constitutions a prisoner as a defendant (or
15 petitioner or plaintiff) in a 'bona fide legal
16 action threatening his interest', is exposed to
17 judicially sanctioned deprivations and is entitled
18 to access to the courts in order to have a
19 'meaningful opportunity to be heard and to
20 have assistance of competent counsel !'"
21    Yarborough v. Superior, supra citing Payne
22 v. Superior Court, supra.
23        Moreover, petitioner requests that
24 counsel be appointed in this matter so that
25 petitioners interests may be protected by
26 the professional assistance required. Additionally,
27 when a court issues an order to show cause,
28 counsel must be appointed for an indigent

PETITIONER WHO REQUESTS COUNSEL. (18 U.S.C. § 3006 A. (9).) if AN EVIDENTIARY HEARING is ORDERED, THIS discretionary POWER BECOMES A MANDATORY RULE for Appointment. (FEDERAL HABEAS RULE 8(c).) GENERAL COUNSEl should be Appointed WHERE "fundamental Fairness" REQUIRES iT. (See SCHULTZ V. WAINWRIGHT (11th Cir. 1983) 701 F. 2d 722, 728-730; Williams V. MISSOURRI (8TH Cir. 1981) 640 F. 2d 140, 144 CERT. den. 451 U.S. 990; See WIKES § 8-41.)

Federal Judges Also HAVE THE discretion TO appoint counsel IN OTHER CIRCUMSTANCES if iT is iN THE INTERESTS of justice; COURTS making SUCH A determination will CONSIDER THE STRENGTH of THE issues, THE petitioners ability TO ARTICULATE THE claims AND THE complexity of THE CASE. (18 U.S.C. § 3006 A, 28 U.S.C. §§1915 (d), 2254(h) Federal Rules of HABEAS Corpus, Rule 8(c); BASHOR V. Risley (9TH Cir. 1984) 730 F. 2d 1228.)

IN CERTAIN EXCEPTIONAL CIRCUMSTANCES, THE COURT MAY REQUEST THE VOLUNTARY ASSISTANCE of COUNSEl PURSUANT TO 28 U.S.C. § 1915(e)(1). TERREl V. BREWER, 935 F. 2d 1015, 1017 (9TH Cir. 1991). [A finding of EXCEPTIONAL CIRCUMSTANCES REQUIRES AN EVALUATION of BOTH THE LIKELIHOOD of THE PETITIONER TO ARTICULATE His claims pro se iN light of THE complexity of THE legal issues

1  involved; Neither of these factors is dispositive
2  and both must be viewed together before
3  reaching a decision. Wilburn V. Escalderon,
4  789 F. 2d 1328 at 1331 (9th Cir. 1986) Terrel
5  demonstrated sufficient writing ability and
6  legal knowledge to articulate his claim. ];
7  Wood V. Housewright, 900 F. 2d 1332, 1335-
8  36 (9th Cir. 1990) [10] counsel should only
9  be appointed in exceptional circumstance,
10  based on such factors as the likelihood of
11  success on the merits and the ability of the
12  petitioner to articulate his claims in light of
13  their complexity. Wilburn V. Escalderon, 789
14  F. 2d 1328 at 1331 (9th Cir. 1986). The instances
15  that Wood claims indicate the presence of these
16  factors are difficulties which any litigant would
17  have in proceeding pro se; they do not indicate
18  exceptional factors. Affirmed. ]
19      I declare under penalty of perjury that
20  the foregoing is true and correct, and that this
21  declaration was executed on this date 6-12-08
22  at Corcoran, California.
23
24  Dated: 6-12-08 .
25                 Respectfully Submitted,
26
27                 Robert Elias Ventura
28  //

## Prayer for Relief

WHEREFORE, petitioner prays for the following relief : AND is without Remedy save by writ of Habeas Corpus. Wherefore, petitioner prays that the court :

1.) GRANT Motion for Reconsideration pursuant to Federal Rules of Civil Procedure, Rule 60(b) ;

2.) REHEAR AND GRANT petitioners motion for appointment of counsel ;

3.) Issue and order to show cause ;

4.) Conduct an Evidentiary Hearing ;

5.) Allow petitioner to conduct discovery ;

6.) Declare petitioners Rights ;

7.) Appoint counsel and award Reasonable attorney fee's ;

8.) GRANT such further relief as the court Deems just and proper .


Dated : 6-12-08

Respectfully Submitted,

Robert Elias Ventura
(petitioner in pro-se.).

## PETITIONER'S AFFIDAVIT

1.) I, ROBERT ELIAS VENTURA, declare THAT I AM THE PETITIONER IN THE ABOVE - REFERENCED MATTER, THAT I AM INCARCERATED AT CALIFORNIA STATE PRISON AT CORCORAN (SHU), AND THAT I AM indigent AND illiterate AND UNABLE TO Afford COUNSEL. MY TOTAL ASSETS ARE $ 00.00 AND MY INCOME is $ 00.00 per MONTH;

2.) I AM THE PETITIONER IN A 28 U.S.C. §2254 A PETITION FOR WRIT OF HABEAS CORPUS IN THE United STATES DISTRICT COURT;

3.) THE ISSUES INVOLVED IN THIS CASE ARE factually complex AND legally intricate AND HARD FOR ME TO COMPREHEND AND UNDERSTAND THE CASE AT ISSUE. ( SEE Exhibit _____ );

4.) PETITIONER CONTENDS THAT THE DISTRICT Court Judges judgement IN THE INSTANT MATTER WAS based ON AN ERRONEOUS legal premise OR A misunderstanding OF THE facts THAT could be READILY CORRECTED by RECONSIDERATION AND REHEARING;

5.) PETITIONER does NOT ATTACK THE SUBSTANCE OF THE DISTRICT Judges Resolution OF HIS claims ON THE MERITS, but some defects IN THE INTEGRITY OF THE HABEAS CORPUS FEDERAL PROCEEDING ( i.e. Denial of motion FOR Appointment OF COUNSEL.);

6.) PETITIONER WON'T BECOME literate AND learn ANY minimal LAW WITHIN THE Amount of Time IT TAKES TO process THIS 28 U.S.C. § 2254 PETITION FOR WRIT OF HABEAS CORPUS IN THE United STATES DISTRICT COURT ;

7.) PETITIONER is confined IN A SECURITY Housing Unit AND HAS VIRTUALLY NO viable ACCESS TO A LAW library OR legal materials ;

8.) THE PETITIONERS friend ( LEONEL CANO, F# 53299 ) WAS AN INMATE WHO NO longer RESIDES AT C.S.P. - CORCORAN (SHU) AND ASSISTED PETITIONER TO WRITE bOTH THE 28 U.S.C. § 2254 IN THE U.S. DISTRICT COURT AND THIS MOTION for RECONSIDERATION ;

9.) PETITIONER HAS NO ASSISTANCE IN LAW AND WITHOUT His friend PETITIONER HAS NO ASSISTANCE IN THE LAW ;

10.) PETITIONER WAS denied EFFECTIVE ASSISTANCE OF Counsel AT All STAGES - TRIAL THRU Appeals PROCESS - IN THE STATE COURT level. (SEE EX. _____ );

I, ROBERT Elias VENTURA, declare UNDER PENALTY OF PERJURY THAT THE foregoing is TRUE AND CORRECT, AND THAT THIS Affidavit WAS EXECUTED ON THIS date 6.12-08 AT CORCORAN, Calif.

Respectfully Submitted,

ROBERT Elias VENTURA
( PETITIONER IN PRO - se ).

11

8.



FILED

MAY 2008

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT E. VENTURA,

        Petitioner,

  v.

DARREL ADAMS, Warden

        Respondent.

                   /

No. C 08-01708 SBA (PR)

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

Petitioner has requested appointment of counsel in this action.

The Sixth Amendment right to counsel does not apply in habeas corpus actions. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984). The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which petitioner is in no position to investigate crucial

facts; and (6) factually complex cases. See generally 1 J. Liebman & R. Hertz, Federal Habeas

Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994). Appointment is mandatory only

when the circumstances of a particular case indicate that appointed counsel is necessary to prevent

due process violations. See Chaney, 801 F.2d at 1196; Eskridge v. Rhay, 345 F.2d 778, 782 (9th Cir.

1965).

At this early stage of the proceedings the Court is unable to determine whether the

appointment of counsel is mandated for Petitioner. Accordingly, the interests of justice do not

require appointment of counsel at this time, and Petitioner's request is DENIED. This denial is

without prejudice to the Court's sua sponte reconsideration should the Court find an evidentiary

hearing necessary following consideration of the merits of Petitioner's claims.

This Order terminates Docket no. 2.

IT IS SO ORDERED.

Dated:  5/29/08

_Saundra B Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Court Judge

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ROBERT E. VENTURA,

          Plaintiff,

  v.

DARREL ADAMS et al,

          Defendant.

_____/

Case Number: CV08-01708 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 30, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert Elias Ventura V-80485
CSP - Corcoran State Prison
P.O. Box 3476
Corcoran, CA 93212-3476

Dated: May 30, 2008

                    Richard W. Wieking, Clerk
                    By: LISA R CLARK, Deputy Clerk

United States District Court
For the Northern District of California

## PROOF OF SERVICE BY MAIL

I, _Robert Ellis Ventura_, declare that I am over 18 years of age, and a

party to the attached herein cause of action, that I reside at California State Prison at

Corcoran, in the County of King, California.

My mailing address is: _C.S.P - SHU. 4A - 3L - 41_

_P.O. Box 3476 CORCORAN CAL. 93212-3476_

On _APRIL 17_, 20_08_, I delivered to prison officials for mailing, at the

above address, the attached: _Motion For Counsel And Application_

_For Waiver of Court Fees And Costs. Supreme Court_

_Case No. # HO32716 / SCC455119 : Declaration ; Transcripts Rule 33(A)_
_Rule 35(6)_

in sealed envelope(s), with postage fully prepaid, and addressed to the following:

(1) _Frederick K. Ohlrich_     (2) _Attorney General_

_350 Mc Allister Street_     _455 Golden Gate Ave (Suite 11000)_

_San Francisco CA 94102_     _San Francisco, CA 94102_

_____     _____

(3)_____     (4)_____

_____     _____

_____     _____

_____     _____

I declare under penalty of perjury that the foregoing is true and correct to the best of
my knowledge. Executed this _17_ day of _APRIL_, 20_08_, at
California State Prison, Corcoran.

_Robt Ventura_

In Pro Per

*Proof of Service – Mail*

## PROOF OF SERVICE

Re:  Case Number  S162926 _____

Case Title  Ventura (Robert) on H.C. (review) _____

_____

    I hereby declare that I am a citizen of the United States, am over 18 years of age, and am/am not a party in the above-entitled action. I am employed in/reside in the County of  San Francisco _____ and my business/residence address is  350 McAllister, room 1295, San Francisco, Ca 94102

_____

    On  April 23, 2008 _____, I served the attached document described as a  petition for review

_____

on the parties in the above-named case. I did this by enclosing true copies of the document in sealed envelopes with postage fully prepaid thereon. I then placed the envelopes in a U.S. Postal Service mailbox in  San Francisco , California, addressed as follows:

Office of the Attorney General
San Francisco
455 Golden Gate Avenue
Suite 11000
San Francisco, Ca 94102

COURT OF APPEAL
SIXTH APPELLATE DISTRICT
333 W. SANTA CLARA ST.
SAN JOSE, CA 95113

    I,  Joseph Cornetta _____, declare under penalty of perjury that the foregoing is true and correct.

    Executed on  April 23, 2008 _____, at  350 McAllister San Francisco, _____, California.

_____
Signature

2

RECEIVED

S162926

1  Robert Ventura - CDCR # V80485
2  CSP-Corcoran SHU 4A 3L-3
   P.O. Box 3476
3  Corcoran, CA. 93212-3476
4    In Propria Persona

5

6          IN THE **CALIFORNIA SUPREME**
7                 COURT

8

9  Robert Ventura                    NO. H032716 / NO. CC455119
10 Petitioner,                       REQUEST FOR APPOINTMENT
11                                   OF COUNSEL AND DECLARATION
12 On Habeas Corpus                  OF INDIGENCY
13

14

15      I, Robert Ventura, declare that I am a petitioner to the above-referenced matter, that
16 I am incarcerated at CSP-Corcoran SHU, and that I an indigent and unable to afford counsel.
17 My total assets are $00.00 and my income is $00.00 per month.
18      I hereby request that counsel be appointed in this matter so that my interests may
19 be protected by the professional assistance required. Government Code § 15421; Penal Code
20 § 1240; Griffin V. Illinois (1956) 351 U.S. 12 [76 S.Ct. 585; 100 L.Ed. 891]; Douglas V. California
21 (1963) 372 U.S. 353 [9 L.Ed. 2d 811]; In re Henderson (1964) 61 Cal.2d 541 [39 Cal. Rptr. 373].
22 In addition, when a court issues an order to show cause, counsel must be appointed for
23 an indigent petitioner who request counsel. California Rules of Court, rule 4.551 (c)(2).
24      I declare under penalty of perjury that the foregoing is true and correct and that
25 this declaration was executed on APRIL 17, 2008.

26

27                                        Robert Ventura
28                                             Petitioner

                          3



IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

FILED

MAR 2 4 2008

MICHAEL J. YERLY, CLERK

By _____
                DEPUTY

In re ROBERT VENTURA,

on Habeas Corpus.

H032716
(Santa Clara County
Super. Ct. No. CC455119)

BY THE COURT:

The petition for writ of habeas corpus is denied.

(Bamattre-Manoukian, Acting P.J., Mihara, J., and McAdams, J.,

participated in this decision.)

Dated _____ MAR 2 4 2008 _____    _____ Acting P.J.

                                    BAMATTRE-MANOUKIAN, J.

4

MARY JAMESON
· AUTOMATIC APPEALS SUPERVISOR
JORGE NAVARRETE
SUPERVISING DEPUTY CLERK

SAN FRANCISCO

NATALIE ROBINSON
SUPERVISING DEPUTY CLERK

LOS ANGELES



**Supreme Court of California**

FREDERICK K. OHLRICH
COURT ADMINISTRATOR AND
CLERK OF THE SUPREME COURT

☐  SAN FRANCISCO 94102
EARL WARREN BUILDING
350 McALLISTER STREET
(415) 865-7000

☐  LOS ANGELES 90013
RONALD REAGAN BUILDING
300 SOUTH SPRING STREET
(213) 830-7570

April 24, 2008

Robert Ventura, CDC# V-80485
California State Prison, Corcoran
P. O. Box 3476
Corcoran, Ca 93212

Re:     **S162926 – Ventura (Robert) on H.C. (review)**

Dear Mr. Ventura:

No action may be taken on your request to appoint counsel to represent you in the above-referenced case.  The court does not appoint counsel in these matters unless review is granted.  Should the court issue an order granting review, you will be notified and provided with the appropriate form to assist this office with the appointment of counsel to represent you.

Very truly yours,

FREDERICK K. OHLRICH
Court Administrator and
Clerk of the Supreme Court

*Joseph Cornetta*

By:  Joseph Cornetta, Deputy Clerk

STATE OF CALIFORNIA                                                    ARNOLD SCHWARZENEGGER, *Governor*

## OFFICE OF THE STATE PUBLIC DEFENDER
221 Main Street, 10th Floor
San Francisco, California 94105
Telephone: (415) 904-5600
Fax: (415) 904-5635



April 4, 2008

Mr. Robert Ventura
V-80485
P.O. Box 3476
Corcoran, CA 93212

Dear Mr. Ventura:

This office has received your letter requesting our assistance in challenging your convictions for domestic violence and assault with a deadly weapon. I am sorry, but our office only represents people who have been sentenced to death and only in, and by appointment of, the California Supreme Court. We are not allowed to represent anyone else on any other matters.

I would recommend that you contact the appellate project serving Santa Clara County, where you were convicted. They should be able to provide you with the information you need about the process of challenging a conviction. The following is their contact information:

> Sixth District Appellate Program
> 100 N. Winchester Blvd., Suite 310
> Santa Clara, CA 95050
> 408-241-6171

Again, I am sorry that this office cannot be of assistance to you. Best of luck with your case.

Sincerely,

C. Delaine Renard
Deputy State Public Defender

47

1  Robert Elias Ventura     CDC # V-80485

2  CSP-CORCORAN   4A-3R-44

3  P.O. Box 3476                    E-filing

4  CORCORAN, CA. 93212-3476

5

6                    UNITED  STATES  DISTRICT  COURT  FOR THE  NORTHERN

7                    DISTRICT OF CALIFORNIA

8  Robert Elias Ventura

9  PLAINTIFF

10                                                    No.                              SBA

11           V.                    REQUEST  FOR  APPOINTMENT  OF

12  ADAMS (WARDEN)               COUNSEL  AND  DECLARATION  OF

13  DEFENDANT                      INDIGENCY  IN  SUPPORT          (PR)

14

15

16        I, Robert Elias Ventura      , DECLARE THAT I AM A PETITIONER

17  TO THE ABOVE-REFERENCED MATTER, THAT I AM INCARCERATED AT CSP-

18  CORCORAN, AND THAT I AN INDIGENT AND ILLITERATE AND UNABLE TO

19  AFFORD COUNSEL. MY TOTAL ASSETS ARE $ 00.00 AND MY INCOME IS

20  $ 00.00 PER MONTH.

21        I HEREBY REQUEST THAT COUNSEL BE APPOINTED IN THIS MATTER SO

22  THAT MY INTERESTS MAY BE PROTECTED BY THE PROFESSIONAL ASSISTANCE

23  REQUIRED. IN ADDITION, WHEN A COURT ISSUES AN ORDER TO SHOW CAUSE,

24  COUNSEL MUST BE APPOINTED FOR AN INDIGENT PETITIONER WHO REQUEST

25  COUNSEL. (18 U.S.C. §3006 A. (9).) IF AN EVIDENTIARY HEARING IS ORDERED,

26  THIS DISCRETIONARY POWER BECOMES A MANDATORY RULE FOR APPOINTMENT.

27  (FEDERAL HABEAS RULE 8 (c).) GENERAL COUNSEL SHOULD BE APPOINTED

28  WHERE "FUNDAMENTAL FAIRNESS" REQUIRES IT. (SEE SCHULTZ V. WAINWIR

                              (1)            7

NOTICE OF APPEAL TO A COURT OF APPEALS FROM A JUDGMENT.

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA

E-filing

Robert Elias Ventura
    PLAINTIFF

    V.

DARREL ADAMS,
    DEFENDANT.

Notice OF APPEAL
CV 08    1708
NO.

SBA

(PR)

Notice is HEREBY given THAT ROBERT Elias Ventura
PLAINTIFF IN THE ABOVE Named CASE, HEREBY APPEAL to the
UNITED STATES COURT OF APPEALS FOR THE SUPREME
COURT OF CALIFORNIA FROM THE FINAL Judgment FROM
AN Order (THE Petition FOR Review is Denied). SEE
ATTACHED Document..

ENTERED IN THIS Action ON THE 12 DAY OF MARCH,
2008.

RESPECTFULLY SUBMITTED
Robert Ventura

DATE:    MARCH 21 2008

ROBERT VENTURA-CDCR#V-80485
/ 3P-CORCORAN (SHU) 4A 3L-3
P.O. BOX 3476
CORCORAN, CA. 93212-3476

In Pro Per

## IN THE CALIFORNIA SUPREME COURT

### COUNTY OF SAN FRANCISCO

No. S160550

|  |  |
|---|---|
| In re<br><br>Robert Ventura<br><br>On Habeas Corpus | REQUEST FOR APPOINTMENT<br>OF COUNSEL AND DECLARATION<br>OF INDIGENCY |

RECEIVED

MAR 3 - 2008

CLERK SUPREME COURT

    I, Robert Ventura, declare that I am a petitioner to the above-referenced matter, that I am incarcerated at [place prison here), and that I an indigent and unable to afford counsel. My total assets are $ -0- and my income is $ -0- per month.

    I hereby request that counsel be appointed in this matter so that my interests may be protected by the professional assistance required. In addition, when a court issues an order to show cause, counsel must be appointed for an indigent petitioner who requests counsel. California Rules of Court, rule 4.551 (c)(2).

    I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on February 25, 2008.

_Robert Ventura_
Petitioner

9

MARY JAMESON
AUTOMATIC APPEALS SUPERVISOR
JORGE NAVARRETE
SUPERVISING DEPUTY CLERK
SAN FRANCISCO
———
NATALIE ROBINSON
SUPERVISING DEPUTY CLERK
LOS ANGELES



**Supreme Court of California**

FREDERICK K. OHLRICH
COURT ADMINISTRATOR AND
CLERK OF THE SUPREME COURT

☑ SAN FRANCISCO 94102
EARL WARREN BUILDING
350 McALLISTER STREET
(415) 865-7000

☐ LOS ANGELES 90013
RONALD REAGAN BUILDING
300 SOUTH SPRING STREET
(213) 830-7570

January 24, 2008

Robert Ventura  V-80485
CSP- Corcoran
P.O. Box 3476
Corcoran, CA 93212-3476

Re:    **H032325- VENTURA ON HABEAS CORPUS**

Dear Mr. Ventura:

The court does not appoint counsel for filing a petition for review. The record discloses that the Court of Appeal filed an order denying your petition on January 9, 2008. Under court rules, the last day a petition for review could be timely filed was January 19.

An original and ten legible typewritten copies of a petition for review are required. Each must have a copy of the Court of Appeal decision attached. Service of a copy on the Court of Appeal and on the Office of the Attorney General is also required.

For good cause, the court may permit a late filing. In addition to the petition for review as described above, you must also submit an original only of an "Application for Relief from Default" which explains the reasons for failing to file a timely petition. The application must also contain the following signed declaration: "I declare under penalty of perjury that the above is true and correct."

After February 8, 2008, this court loses jurisdiction to consider or grant any relief of any nature in this case.

If you are unable to meet this deadline, you may file a habeas corpus petition. A form is enclosed.

Very truly yours,

FREDERICK K. OHLRICH
Court Administrator and
Clerk of the Supreme Court

By: Kenneth Wagovich, Senior Deputy Clerk

Enclosure

MARY JAMESON
AUTOMATIC APPEALS SUPERVISOR

JORGE NAVARRETE
SUPERVISING DEPUTY CLERK

SAN FRANCISCO
—

NATALIE ROBINSON
SUPERVISING DEPUTY CLERK

LOS ANGELES

SAN FRANCISCO 94102
EARL WARREN BUILDING
350 McALLISTER STREET
(415) 865-7000
———
LOS ANGELES 90013
RONALD REAGAN BUILDING
300 SOUTH SPRING STREET
(213) 830-7570

**Supreme Court of California**

FREDERICK K. OHLRICH
COURT ADMINISTRATOR AND
CLERK OF THE SUPREME COURT

January 24, 2008

Robert Ventura  V-80485
CSP- Corcoran
P.O. Box 3476
Corcoran, CA 93212-3476

Re:    **H032454- VENTURA ON HABEAS CORPUS**

Dear Mr. Ventura:

The court does not appoint counsel for filing a petition for review.  The record discloses that the Court of Appeal filed an order denying your petition on January 8, 2008.  Under court rules, the last day a petition for review could be timely filed was January 18.

An original and ten legible typewritten copies of a petition for review are required.  Each must have a copy of the Court of Appeal decision attached.  Service of a copy on the Court of Appeal and on the Office of the Attorney General is also required.

For good cause, the court may permit a late filing.  In addition to the petition for review as described above, you must also submit an original only of an "Application for Relief from Default" which explains the reasons for failing to file a timely petition.  The application must also contain the following signed declaration: "I declare under penalty of perjury that the above is true and correct."

After February 7, 2008, this court loses jurisdiction to consider or grant any relief of any nature in this case.  ⸺⸺⸺

If you are unable to meet this deadline, you may file a habeas corpus petition. A form is enclosed.

Very truly yours,

FREDERICK K. OHLRICH
Court Administrator and
Clerk of the Supreme Court

By:  Kenneth Wagovich, Senior Deputy Clerk

Enclosure

3 2



IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT



Court of Appeal - Sixth App. Dist.

FILED

JAN 8 - 2008

MICHAEL J. YEHLY, Clerk

By _____
                    DEPUTY

In re ROBERT VENTURA,

on Habeas Corpus.

H032454
(Santa Clara County
 Super. Ct. No. CC455119)

BY THE COURT:

    The petition for writ of habeas corpus is denied.

    (Premo, Acting P.J., Elia, J., and Duffy, J., participated in this decision.)

Dated    JAN 8 - 2008        _____ Acting P.J.
                                    PREMO, J.



IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

Court of Appeal - Sixth App. Dist.

**FILED**

JAN 9 - 2008

MICHAEL J. YEHEY, Clerk

By_____
DEPUTY

In re ROBERT VENTURA,

on Habeas Corpus.

H032325
(Santa Clara County
 Super. Ct. No. CC455119)

BY THE COURT:

The petition for writ of habeas corpus, seeking an extension of time to file an opening brief on "appeal," is denied without prejudice. There is no appeal from the denial of a habeas petition by the superior court; rather, the petitioner must file an original habeas petition in the reviewing court. (*In re Clark* (1993) 5 Cal.4th 750, 767, fn. 7.)

Petitioner's request for appointment of counsel is denied without prejudice.

(Elia, Acting P.J., and Duffy, J., participated in this decision.)

Dated    JAN 9 - 2008            ELIA, J.                    Acting P.J.

13

# SIXTH DISTRICT APPELLATE PROGRAM
A Non-Profit Corporation

---

100 N Winchester Blvd., Suite 310
Santa Clara, CA 95050

(408) 241-6171 - Main
(408) 241-2877 - Fax

Executive Director
*Michael A. Kresser*

Assistant Director
*Dallas Sacher*

Law Office Manager
*Yolanda Edwards*

Staff Attorneys
*Lori A. Quick*
*Vicki I. Firstman*
*William M. Robinson*
*Jonathan Grossman*
*Paul Couenhoven*

January 7, 2008

Robert Ventura
V-80485
Corcoran State Prison
P.O. Box 3476
Corcoran, CA  93212-3476

Dear Mr. Ventura,

I have received your letter postmarked January 4, 2008. It appears from your letter that you wish to file a petition for a writ of habeas corpus. As I wrote in my last letter, habeas petitions are considered civil proceedings, even if they arise from a criminal case. Generally, an indigent prisoner is not entitled to appointed counsel to assist with the preparation of a habeas petition. However, if an indigent prisoner files a habeas corpus petition and the court determines the petition states a prima facie case for relief, then due process considerations require the court to appoint counsel to represent the prisoner. (*People v. Barton* (1978) 21 Cal.3d 513, 519 fn. 3; *People v. Shipman* (1965) 62 Cal.2d 226, 232; Cal. Rules of Court, rule 4.551(c)(2).) It appears that you have already filed a habeas petition which was denied. Thus, you are not entitled to appointed counsel. (*People v. Clark* (1993) 5 Cal.4th 750, 783, fn. 20; *Redante v. Yockelson* (2003) 112 Cal.App.4th 1351, 1356.) We do represent indigent defendants on direct appeal when appointed by the Court of Appeal. However, you were sentenced on May 11, 2005. A notice of appeal should have been filed no later than July 10, 2005, two and one-half years ago. (California Rules of Court, rule 8.308(a).) It would be pointless to ask for permission to file a late notice of appeal at this late date.

Typically, when people in your position write to us for help, we advise them to file a habeas petition and we send them the appropriate form. Because you have already filed a petition which was denied, and because we do not represent you on that petition, there is nothing we can do for you. I am sorry we cannot be of more assistance. I wish you the best of luck.

Sincerely,

Lori A. Quick
Staff Attorney

14

# SIXTH DISTRICT APPELLATE PROGRAM

A Non-Profit Corporation

---

100 N Winchester Blvd., Suite 310          (408) 241-6171 - Main
Santa Clara, CA 95050                      (408) 241-2877 - Fax

Executive Director                         Assistant Director
*Michael A. Kresser*                       *Dallas Sacher*

Law Office Manager                         Staff Attorneys
*Yolanda Edwards*                          *Lori A. Quick*
                                           *Vicki I. Firstman*
                                           *William M. Robinson*
                                           *Jonathan Grossman*
December 28, 2007                          *Paul Couenhoven*


Robert Ventura
V-80485
Corcoran State Prison
P.O. Box 3476
Corcoran, CA  93212-3476

Dear Mr. Ventura,

  We have received several documents from you: a petition for writ of habeas corpus filed on July 17, 2007; a handwritten opening brief; a letter from the Court of Appeal declining to file a document for noncompliance with the rules of court; a Superior Court order filed October 3, 2007 denying a petition for writ of habeas corpus; and a request for appointment of counsel.  Please be advised as follows.

  First of all, I cannot help you with a petition for writ of habeas corpus.  Because this is considered a civil proceeding, you are not entitled to appointed counsel.  (*People v. Clark* (1993) 5 Cal.4th 750, 783, fn. 20; *Redante v. Yockelson* (2003) 112 Cal.App.4th 1351, 1356.)  Although we do represent indigent defendants on direct appeal when appointed by the Court of Appeal, it appears from the paperwork you have sent that the time to file a notice of appeal is long past.  Your habeas petition indicates that you were sentenced on May 11, 2005.  This means you would have had to file a notice of appeal no later than July 10, 2005.  (California Rules of Court, rule 8.308(a).)  I can think of no reasonable justification to offer the Court for a failure to take action for two and one-half years, and therefore we cannot request permission to file a late notice of appeal.

  I am sorry we could not be of more assistance.  I wish you the best of luck.


Sincerely,

Lori A. Quick
Staff Attorney


15

F I L E D

DEC 2 6 2007

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara

BY _____ DEPUTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

In re                              )
                                   )    No. CC455119
                                   )
ROBERT ELIAS VENTURA,              )    O R D E R
                                   )
On Motion for Documents            )
_____)

ROBERT ELIAS VENTURA has submitted a motion to this Court requesting free copies of various documents, and/or reports contained in his case file, and/or transcripts of the proceedings, which led to his incarceration.  The motion/request is DENIED.  Petitioner's declaration of indigency, citations to rules of court, Constitutional principles, case law, or statutes, and/or "Application for Waiver of Court Fees and Costs," form is not applicable when, as here, the time for trial and appeal has passed and there is no matter currently pending and active before this Court.  (See *People v. Markley* (2006) 138 Cal.App.4th 230, 240-243.)

DATED: 12/26, 2007

ARTHUR BOCANEGRA
JUDGE OF THE SUPERIOR COURT

cc:  Petitioner
     District Attorney
     CJIC
     Research (12-18A)

FILED

OCT 03 2007

KEN TORRE
Chief Executive Officer
Superior Court of California County of Santa Clara
BY _____ DEPUTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

|  |  |
|---|---|
| In re | No.: CC455119 |
| ROBERT VENTURA, | ORDER |

ROBERT VENTURA, hereinafter Petitioner, has submitted a petition for writ of habeas corpus. Petitioner claims that the sentencing court violated due process by imposing enhancements on the basis of Petitioner's prior plea bargains. Petitioner also claims that his counsel for a 1989 prior was ineffective for not informing him of all the possible consequences of his plea and his counsel for the present offense was ineffective for not enforcing the terms of his prior plea bargains. In addition, Petitioner cites *California v. Cunningham* (2007) 127 S. Ct. 856 as a basis for his challenge to the court's imposition of consecutive sentences in this case.

Due Process

The case of *People v. Brady* (1995) 34 Cal.App.4th 65 dealt with,

and rejected, arguments that there is a due process violation in the application of the strike law.

Although the imposition of punishment which, after commission of a crime, is increased or somehow made more onerous violates the ex post facto clause of both the United States and California Constitutions (U.S. Const., art. I, § 10, cl. 1; Cal. Const., Art. I, §9), "'[i]ncreased penalties for subsequent offenses . . . attributable to the defendant's status as a repeat offender . . . arise as an incident of the subsequent offense rather than constituting a penalty for the prior offense. [Citations.]'" do not. (*People* v. *Weaver* (1984) 161 Cal.App.3d 119, 124 [207 Cal.Rptr. 419], quoting *In re Foss* (1974) 10 Cal.3d 910, 922 [112 Cal.Rptr. 649, 519 P.2d 1073].) *People* v. *Brady* (1995) 34 Cal.App.4th 65, 72.

The defendant in *Brady* had a single strike and therefore his sentence was doubled and he was required to serve 80% of it. His "strike" had been committed prior to the passage of the three strikes law. That court rejected the same claim that Petitioner makes here, by concluding that at the time the defendant had committed the current offense the three strikes law "was in full force and effect. Such gave him notice that he would be treated more severely since he committed a new felony and had previously been convicted of a serious felony. That such 'status' would subject him to subsection (c)(5)'s credit limits was clearly spelled out. No due process or ex post facto violation can be shown." (*Id.*, see also *People* v. *Hatcher* (1995) 33 Cal.App.4th 1526.)

So too in the instant case, since as soon as the strike law came into effect Petitioner had the status of being a striker, Petitioner

the defendant has failed to establish any prejudice, then the
performance prong need not be reached. (*Strickland v. Washington*,
*supra*, 466 U.S. at 697.)

Petitioner's claim of ineffective assistance of his prior
counsel rests on the assertion that he was not informed that his
convictions could be used in future cases to enhance his sentence.
However, as noted above, the "three strikes" law had not been enacted
at the time of Petitioner's prior plea. Thus, counsel cannot be held
ineffective for failing to inform Petitioner of a statutory scheme
that was not yet in place.

Imposition of Enhancements

Contrary to Petitioner's contention, his previous plea
bargain(s) do not insulate him from being subjected to enhancement(s)
based on the prior conviction(s). Petitioner was not being punished
again for the same offense addressed by a previous plea bargain.
Rather, Petitioner was punished for being a recidivist. "The purpose
of section 667 is to punish repeat offenders regardless of whether
they were imprisoned for their previous felony...to impose greater
punishment upon recidivists who commit serious felonies." (*People v.
Jones* (1993) 5 Cal.4th 1142; *People v. Medina* (1988) 206 Cal.App.3d
986.) See also *People v. Bernal* (1994) 22 Cal.App.4th 1455, 1457,
explaining:

> When entering a guilty plea, the defendant must be
> advised of the direct consequences of the conviction.
> (*Bunnell v. Superior Court* (1975) 13 Cal.3d 592, 604.)
> However, possible future use of a current conviction is
> not a direct consequence of the conviction. (*People v.
> Crosby* (1992) 3 Cal.App.4th 1352, 1356; see also *People
> v. Lewis* (1987) 191 Cal.App.3d 1288, 1301; *Hartman v.
> Municipal Court* (1973) 35 Cal.App.3d 891, 893.) A
> defendant need not be advised of the possible future

1     a later crime.

2 As there was no violation in sentencing Petitioner as a recidivist,

3 there was no ineffective assistance of counsel, as alleged by

4 Petitioner, for his attorney's failure to enforce the prior plea

5 agreement.

6 *Cunningham*

7     Petitioner claims that the court's imposition of consecutive

8 terms violates the Supreme Court's recently articulated rule in

9 *Cunningham v. California* (2007) 127 S. Ct. 856 interpreting its prior

10 decision in *Blakely v. Washington* (2004) 542 U.S. 296. However the

11 *Blakely* rule does not apply to the trial court's decision regarding

12 imposition of consecutive or concurrent sentences. (*People v.*

13 *Sandoval* (2007) 41 Cal.4th 825, 850-851; *People v. Sullivan* (2007)

14 151 Cal.App.4th 524, 567-568.) Thus, Petitioner is not entitled to

15 relief under *Cunningham*.

16     Petitioner's motion, and all requested relief, is DENIED.

17

18 DATED: _____ 1 oct _____, 2007

PAUL BERNAL
19                                     JUDGE OF THE SUPERIOR COURT

20 cc:   Petitioner
         District Attorney
21       Research (7-17B)
         CJIC

22

23

24

25

26

27

28

## PROOF OF SERVICE BY MAIL

### BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, __Robert Elias Ventura V. 80485__, declare:

I am over 18 years of age and a party to this action. I am a resident of __C.S.P. SHu.__

__4A-3L-03  Corcoran__ Prison,

in the county of __Corcoran__,

State of California. My prison address is: __P. O. Box 3476__

__Corcoran  Ca  93212-3476__

On __6-12-08__
(DATE)

I served the attached: __Motion For Reconsideration And Amended__

__Motion For Appointment of Counsel. 28 U.S.C. 2255 8(¢)__

__No. C 08-01708 SBA__ (DESCRIBE DOCUMENT) __(PR)__

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage

thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional

institution in which I am presently confined. The envelope was addressed as follows:

__Office of The Clerk  U.S. District Court__
__Northern District of California__
__1301 Clay Street. 400 S. Tower__
__Oakland, California  94612-5212__

I declare under penalty of perjury under the laws of the United States of America that the foregoing

is true and correct.

Executed on __6-12-08__
(DATE)

_____
(DECLARANT'S SIGNATURE)



Robert Ventura V.30485
P.O. Box 3476
Corcoran CA 93212 - 3476

LEGAL MAIL

Office of the Clerk U.S District Court
Northern District of California
1301 Clay Street. 400 S. Tower
Oakland, California 94612-5212