1   Robert Elias Ventura (V# 80485)     **FILED**

2   Corcoran State Prison (SHU)     08 JUN 19 PM 12: 29

3   P. O. Box 3476     RICHARD W. WIEKING

4   Corcoran, CA., 93212.     CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

5

6        IN THE UNITED STATES DISTRICT COURT

7       FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9   Robert E. Ventura,        No. C 08-01708 SBA (PR)

10      Petitioner,        Motion for Reconsideration

11   V.         (F.R.C.P. Rule 60 (b) );

12   Darrel Adams, Warden,      and Amended Motion

13      Respondent.    /     for Appointment of

14                Counsel. (28 U.S.C.

15                § 2255 Rules, 8 (c.) ).

16      To the Honorable United States District Court

17  Judge Saundra Brown Armstrong presiding in the above

18  entitled Court :

19      I, Robert Elias Ventura, Petitioner, a Layman-

20  at-Law, herein moves this Honorable Court for

21  _Reconsideration_ pursuant to Federal Rules of Civil

22  Procedure - Rule 60 (b) in order of denial on

23  Petitioner's Motion for Appointment of Counsel.

24      This Motion is based upon the Movant-

25  Petitioner's affidavit in support of his Motion

26  for Reconsideration and Amended Motion for

27  Appointment of Counsel in the foregoing matter.

28  As well as the within Statement of facts and

1    CONTENTIONS IN MEMORANDUM OF POINTS AND
2    AUTHORITIES.

4              <u>FACTS</u>

6       ON MARCH 28, 2008 PETITIONER filed A
7    NOTICE OF APPEAL IN YOUR RESPECTIVE COURT FROM
8    FINAL JUDGEMENT AN ORDER OF DENIAL ON PETITION
9    FOR REVIEW. Also, ON MARCH 28, 2008 PETITIONER
10    filed A MOTION FOR APPOINTMENT OF COUNSEL.
11    PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL
12    WAS DONE HASTILY, IN LAYMAN FORM, AND LACKED
13    ANY LEGAL STANDING. ON MAY 30, 2008, Judge
14    SAUNDRA BROWN ARMSTRONG denied WITHOUT
15    PREJUDICE; ON THE COURT'S SUA SPONTE RECONSIDERATION
16    dependent OF THE COURT'S finding OF NECESSITY
17    OF AN EVIDENTIARY HEARING following CONSIDERATION
18    OF THE MERITS OF PETITIONER'S CLAIMS. PETITIONER'S
19    HEREIN NOW BRINGS AN Amended MOTION FOR
20    APPOINTMENT OF COUNSEL.

23          <u>CONTENTIONS</u>

25       LEGAL AUTHORITY FOR APPOINTMENT AND
26    COMPENSATION OF COUNSEL IS ARTICLE 1, SECTION
27    §15 OF THE CALIFORNIA CONSTITUTION; THE SIXTH

Amendment of the U.S. Constitution; 23 U.S.C., section § 1915 (d); 18 U.S.C., Section § 3006 A (9), as interpreted in McClain V. Manson, 343 F. Supp. 382 [ D. Conn. 1972]; Payne V. Superior Court, (1975) 17 Cal. 3d 908; Salas V. Cortez (1978) 24 Cal. 3d 22; Price V. Johnson, 161 F. 2d 705; Yarborough V. Superior Court (1983) 150 Cal. App. 3d 388; and California Penal Code, Section § 1191.1, which expressly grants a right to counsel and equal protection to indigent imprisoned inmates upon request.

"As a matter of equal protection and due process under both the Federal and California Constitutions a prisoner as a defendant (or petitioner or plaintiff) in a 'bona fide legal action threatening his interest', is exposed to judicially sanctioned deprivations and is entitled to access to the courts in order to have a 'meaningful opportunity to be heard and to have assistance of competent counsel!'"

Yarborough V. Superior, supra citing Payne V. Superior Court, supra.

Moreover, petitioner requests that counsel be appointed in this matter so that petitioners interests may be protected by the professional assistance required. Additionally, when a court issues an order to show cause, counsel must be appointed for an indigent

3.

PETITIONER WHO REQUESTS COUNSEL. (18 U.S.C. §
3006 A. (9).) IF AN EVIDENTIARY HEARING IS
ORDERED, THIS DISCRETIONARY POWER BECOMES A
MANDATORY RULE FOR APPOINTMENT. (FEDERAL
HABEAS RULE 8 (C).) GENERAL COUNSEL SHOULD BE
APPOINTED WHERE "FUNDAMENTAL FAIRNESS" REQUIRES
IT. (SEE SCHULTZ V. WAINWRIGHT (11TH CIR. 1983)
701 F. 2d 722, 728-730; WILLIAMS V.
MISSOURRI (8TH CIR. 1981) 640 F. 2d 140, 144
CERT. DEN. 451 U.S. 990; SEE WIKES § 8-41.)
      FEDERAL JUDGES ALSO HAVE THE DISCRETION
TO APPOINT COUNSEL IN OTHER CIRCUMSTANCES IF IT
IS IN THE INTERESTS OF JUSTICE; COURTS MAKING
SUCH A DETERMINATION WILL CONSIDER THE STRENGTH
OF THE ISSUES, THE PETITIONERS ABILITY TO
ARTICULATE THE CLAIMS AND THE COMPLEXITY OF
THE CASE. (18 U.S.C. § 3006 A, 28 U.S.C. §§ 1915
(d), 2254 (h) FEDERAL RULES OF HABEAS
CORPUS, RULE 8 (C); BASHOR V. RISLEY (9TH CIR.
1984) 730 F. 2d 1228.)
      IN CERTAIN EXCEPTIONAL CIRCUMSTANCES, THE
COURT MAY REQUEST THE VOLUNTARY ASSISTANCE OF
COUNSEL PURSUANT TO 28 U.S.C. § 1915 (e) (1).
TERREL V. BREWER, 935 F. 2d 1015, 1017 (9TH CIR.
1991). [A FINDING OF EXCEPTIONAL CIRCUMSTANCES
REQUIRES AN EVALUATION OF BOTH THE LIKELIHOOD OF
THE PETITIONER TO ARTICULATE HIS CLAIMS PRO SE IN
LIGHT OF THE COMPLEXITY OF THE LEGAL ISSUES

1  involved ; neither of these factors is dispositive

2  and both must be viewed together before

3  reaching a decision . Wilburn v. Escalderon ,

4  789 F. 2d 1328 at 1331 ( 9th Cir. 1986) Terrel

5  demonstrated sufficient writing ability and

6  legal Knowledge to articulate his claim . ] ;

7  Wood v. Housewright , 900 F. 2d 1332, 1335-

8  36 ( 9th Cir. 1990) [10] counsel should only

9  be appointed in exceptional circumstance ,

10  based on such factors as the likelihood of

11  success on the merits and the ability of the

12  petitioner to articulate his claims in light of

13  their complexity . Wilburn v. Escalderon , 789

14  F. 2d 1328 at 1331 (9th Cir. 1986) . The instances

15  that Wood claims indicate the presence of these

16  factors are difficulties which any litigant would

17  have in proceeding pro se ; they do not indicate

18  exceptional factors . Affirmed . ]

19      I declare under penalty of perjury that

20  the foregoing is true and correct, and that this

21  declaration was executed on this date 6-12-08

22  at Corcoran , California .

23

24  Dated : 6-12-08 .

25                          Respectfully Submitted,

26                          Ventura

27                          Robert Elias Ventura

28  //

# PRAYER FOR RELIEF

WHEREFORE, petitioner prays for the following relief: AND is without remedy save by WRIT OF HABEAS CORPUS. WHEREFORE, petitioner prays THAT THE COURT:

1.) GRANT MOTION FOR RECONSIDERATION PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 60(b);

2.) REHEAR AND GRANT PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL;

3) ISSUE AND ORDER TO SHOW CAUSE;

4.) CONDUCT AN EVIDENTIARY HEARING;

5.) ALLOW PETITIONER TO CONDUCT DISCOVERY;

6.) DECLARE PETITIONERS RIGHTS;

7.) APPOINT COUNSEL AND AWARD REASONABLE ATTORNEY FEE'S;

8.) GRANT SUCH FURTHER RELIEF AS THE COURT DEEMS JUST AND PROPER.


DATED: 6-12-08                    Respectfully Submitted,

                                  Robert Ventura

                                  ROBERT ELIAS VENTURA
                                  (PETITIONER IN PRO-SE.).

6.

## Petitioner's Affidavit

1.) I, Robert Elias Ventura, declare that I am the petitioner in the above - referenced matter, that I am incarcerated at California State Prison at Corcoran (SHU), and that I am indigent and illiterate and unable to afford counsel. My total assets are $ 00.00 and my income is $ 00.00 per month;

2.) I am the petitioner in a 28 U.S.C. § 2254 a petition for Writ of Habeas Corpus in the United States District Court;

3.) The issues involved in this case are factually complex and legally intricate and hard for me to comprehend and understand the case at issue.) See Exhibit _____ );

4.) Petitioner contends that the District Court Judges judgement in the instant matter was based on an erroneous legal premise or a misunderstanding of the facts that could be readily corrected by reconsideration and rehearing;

5.) Petitioner does not attack the substance of the District Judges Resolution of his claims on the merits, but some defects in the integrity of the Habeas Corpus Federal proceeding (i.e. Denial of motion for appointment of counsel.);

6.) PETITIONER WON'T BECOME literate AND learn ANY minimal LAW WITHIN THE Amount of Time IT TAKES TO process THIS 28 U.S.C. § 2254 PETITION FOR WRIT OF HABEAS Corpus IN THE United STATES DISTRICT COURT ;

7.) PETITIONER is confined IN A SECURITY Housing Unit AND HAS virtually NO viable ACCESS TO A LAW LIBRARY OR legal MATERIALS ;

8.) THE PETITIONERS friend ( LEONEL CANO, F# 53299 ) WAS AN INMATE WHO NO longer RESIDES AT C.S.P. - CORCORAN (SHU) AND ASSISTED PETITIONER TO WRITE both THE 28 U.S.C. § 2254 IN THE U.S. DISTRICT COURT AND THIS motion for RECONSIDERATION ;

9.) PETITIONER HAS NO ASSISTANCE IN LAW AND WITHOUT His friend PETITIONER HAS NO ASSISTANCE IN THE LAW ;

10.) PETITIONER WAS denied EFFECTIVE ASSISTANCE OF counsel AT ALL STAGES - TRIAL THRU Appeals PROCESS - IN THE STATE COURT Level. (SEE EX. ____ );

I, Robert Elias Ventura, declare under PENALTY OF perjury THAT THE foregoing is TRUE AND CORRECT, AND THAT THIS Affidavit WAS EXECUTED ON THIS date 6-12-08 AT CORCORAN, Calif.

Respectfully Submitted,

Robert Elias VENTURA
( PETITIONER IN PRO-Se ).

11

8



MARY JAMESON
AUTOMATIC APPEALS SUPERVISOR

JORGE NAVARRETE
SUPERVISING DEPUTY CLERK

SAN FRANCISCO
—
NATALIE ROBINSON
SUPERVISING DEPUTY CLERK

LOS ANGELES

☐ SAN FRANCISCO 94102
EARL WARREN BUILDING
350 McALLISTER STREET
(415) 865-7000
———
☐ LOS ANGELES 90013
RONALD REAGAN BUILDING
300 SOUTH SPRING STREET
(213) 830-7570

## Supreme Court of California

FREDERICK K. OHLRICH
COURT ADMINISTRATOR AND
CLERK OF THE SUPREME COURT

May 9, 2008

Robert Ventura, CDC# V-80485
CSP – Corcoran
P. O. Box 3476
Corcoran, Ca  93212-3476

    Re:    **S162926 – Ventura (Robert) on H.C. (review)**

Dear Mr. Ventura:

Returned unfiled are your copies received May 8, 2008.  Our records indicate that you have the above-referenced petition for review pending with this court, and there is no provision in the Rules of Court to supplement such a petition.  The court is expected to decide this petition on or before June 11, 2008.  A copy of that decision will be mailed to you the same day it is filed.

        Very truly yours,

        FREDERICK K. OHLRICH
        Court Administrator and
        Clerk of the Supreme Court

        *Joseph Cornetta*

    By:  Joseph Cornetta, Deputy Clerk

Enc.

FILED

MAY 3 0 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT E. VENTURA,

            Petitioner,

v.

DARREL ADAMS, Warden

            Respondent.

                               /

No. C 08-01708 SBA (PR)

**ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL**

Petitioner has requested appointment of counsel in this action.

The Sixth Amendment right to counsel does not apply in habeas corpus actions. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984). The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which petitioner is in no position to investigate crucial

1  facts; and (6) factually complex cases. <u>See generally</u> 1 J. Liebman & R. Hertz, <u>Federal Habeas</u>

2  <u>Corpus Practice and Procedure</u> § 12.3b at 383-86 (2d ed. 1994).  Appointment is mandatory only

3  when the circumstances of a particular case indicate that appointed counsel is necessary to prevent

4  due process violations.  <u>See</u> <u>Chaney</u>, 801 F.2d at 1196; <u>Eskridge v. Rhay</u>, 345 F.2d 778, 782 (9th Cir.

5  1965).

6         At this early stage of the proceedings the Court is unable to determine whether the

7  appointment of counsel is mandated for Petitioner.  Accordingly, the interests of justice do not

8  require appointment of counsel at this time, and Petitioner's request is DENIED.  This denial is

9  without prejudice to the Court's <u>sua sponte</u> reconsideration should the Court find an evidentiary

10  hearing necessary following consideration of the merits of Petitioner's claims.

11         This Order terminates Docket no. 2.

12         IT IS SO ORDERED.

13
   Dated:  _5/29/08_

14                                          _Saundra B Armstrong_
                                            SAUNDRA BROWN ARMSTRONG
15                                          United States District Court Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1

2  UNITED STATES DISTRICT COURT
   FOR THE
3  NORTHERN DISTRICT OF CALIFORNIA

4  ROBERT E. VENTURA,
                                              Case Number: CV08-01708 SBA
5             Plaintiff,
                                              **CERTIFICATE OF SERVICE**
6      v.

7  DARREL ADAMS et al,

8             Defendant.
   _____/
9

10  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court,
    Northern District of California.
11
    That on May 30, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said
12  copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
    envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located
13  in the Clerk's office.

14

15

16  Robert Elias Ventura V-80485
    CSP - Corcoran State Prison
17  P.O. Box 3476
    Corcoran, CA 93212-3476

18  Dated: May 30, 2008

                                       Richard W. Wieking, Clerk
19                                     By: LISA R CLARK, Deputy Clerk

20

21

22

23

24

25

26

27

28

P:\PRO-SE\SBA\HC.08\Ventura1708.DenyAtty.frm          3

## PROOF OF SERVICE BY MAIL

I, _Robert Elmo Ventura_, declare that I am over 18 years of age, and a party to the attached herein cause of action, that I reside at California State Prison at Corcoran, in the County of King, California.

My mailing address is: _C.S.P - SHU - 4A - 3L - 41_

_P.O. Box 3476 Corcoran Cal. 93212 - 3476_

On _April 17_, 20_08_, I delivered to prison officials for mailing, at the above address, the attached: _Motion For Counsel And Application_

_For Waiver of Court Fees And Costs. Supreme Court_

_Case No. # HD32716 / CC 455119: Declaration; Transcripts_ Rule 33(A)
Rule 35(B)

in sealed envelope(s), with postage fully prepaid, and addressed to the following:

(1) _Frederick K. Ohlrich_    (2) _Attorney General_

_350 Mc Allister Street_    _455 Golden Gate Ave (Suite 11000)_

_San Francisco CA 94102_    _San Francisco, CA 94102_

_____    _____

(3)_____    (4)_____

_____    _____

_____    _____

_____    _____

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this _17_ day of _April_, 20_08_, at California State Prison, Corcoran.

_Robert Ventura_

In Pro Per

RECEIVED
APR 23 2008
CLERK SUPREME COURT

*Proof of Service – Mail*

## PROOF OF SERVICE

Re:    Case Number  S162926

Case Title  Ventura (Robert) on H.C. (review)

I hereby declare that I am a citizen of the United States, am over 18 years of age, and am/am not a party in the above-entitled action.  I am employed in/reside in the County of  San Francisco  and my business/residence address is  350 McAllister, room 1295, San Francisco, Ca 94102

On  April 23, 2008  , I served the attached document described as a  petition for review

on the parties in the above-named case.  I did this by enclosing true copies of the document in sealed envelopes with postage fully prepaid thereon.  I then placed the envelopes in a U.S. Postal Service mailbox in  San Francisco  , California, addressed as follows:

Office of the Attorney General
San Francisco
455 Golden Gate Avenue
Suite 11000
San Francisco, Ca 94102

COURT OF APPEAL
SIXTH APPELLATE DISTRICT
333 W. SANTA CLARA ST.
SAN JOSE, CA 95113

I,  Joseph Cornetta  , declare under penalty of perjury that the foregoing is true and correct.

Executed on  April 23, 2008  , at  350 McAllister  San Francisco,  , California.

_____
*Joseph Cornetta*
Signature

2

S162926

1  Robert Ventura - CDCR # V80485
2  CSP-Corcoran SHU 4A 3L-3
   P.O. Box 3476
3  Corcoran, CA. 93212-3476
4    In Propria Persona

5

6              IN THE **CALIFORNIA** SUPREME
7                      COURT

8

9  Robert Ventura                    NO. H032716 / NO. CC455119
10 Petitioner,                       REQUEST FOR APPOINTMENT
11                                   OF COUNSEL AND DECLARATION
12 On Habeas Corpus                  OF INDIGENCY

13 _____

14

15     I, Robert Ventura, declare that I am a petitioner to the above-referenced matter, that
16 I am incarcerated at CSP-Corcoran SHU and that I am indigent and unable to afford counsel.
17 My total assets are $00.00 and my income is $00.00 per month.

18     I hereby request that counsel be appointed in this matter so that my interests may
19 be protected by the professional assistance required. Government Code § 15421; Penal Code
20 § 1240; Griffin V. Illinois (1956) 351 U.S. 12 [76 S.Ct. 585; 100 L.Ed. 891]; Douglas V. California
21 (1963) 372 U.S. 353 [9 L.Ed. 2d 811]; In re Henderson (1964) 61 Cal. 2d 541 [39 Cal. Rptr. 373].
22 In addition, when a court issues an order to show cause, counsel must be appointed for
23 an indigent petitioner who request counsel. California Rules of Court, rule 4.551 (c)(2).

24     I declare under penalty of perjury that the foregoing is true and correct and that
25 this declaration was executed on APRIL 17, 2008.

26

27                                   Robert Ventura
28                                   Petitioner

                        3



IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

FILED

MAR 2 4 2008

MICHAEL J. YERLY, Clerk

By _____
                DEPUTY

In re ROBERT VENTURA,

    on Habeas Corpus.

H032716
(Santa Clara County
 Super. Ct. No. CC455119)

BY THE COURT:

    The petition for writ of habeas corpus is denied.

(Bamattre-Manoukian, Acting P.J., Mihara, J., and McAdams, J.,

participated in this decision.)

BAMATTRE-MANOUKIAN, J.

Dated    **MAR 2 4 2008**   _____ Acting P.J.

4



MARY JAMESON
AUTOMATIC APPEALS SUPERVISOR

JORGE NAVARRETE
SUPERVISING DEPUTY CLERK

SAN FRANCISCO
—

NATALIE ROBINSON
SUPERVISING DEPUTY CLERK

LOS ANGELES

☐  SAN FRANCISCO 94102
EARL WARREN BUILDING
350 McALLISTER STREET
(415) 865-7000
—

☐  LOS ANGELES 90013
RONALD REAGAN BUILDING
300 SOUTH SPRING STREET
(213) 830-7570

## Supreme Court of California

FREDERICK K. OHLRICH
COURT ADMINISTRATOR AND
CLERK OF THE SUPREME COURT

April 24, 2008

Robert Ventura, CDC# V-80485
California State Prison, Corcoran
P. O. Box 3476
Corcoran, Ca  93212

Re:    **S162926 – Ventura (Robert) on H.C. (review)**

Dear Mr. Ventura:

No action may be taken on your request to appoint counsel to represent you in the above-referenced case.  The court does not appoint counsel in these matters unless review is granted.  Should the court issue an order granting review, you will be notified and provided with the appropriate form to assist this office with the appointment of counsel to represent you.

Very truly yours,

FREDERICK K. OHLRICH
Court Administrator and
Clerk of the Supreme Court

By:  Joseph Cornetta, Deputy Clerk

5

STATE OF CALIFORNIA                                            ARNOLD SCHWARZENEGGER, *Governor*

# OFFICE OF THE STATE PUBLIC DEFENDER

221 Main Street, 10th Floor
San Francisco, California 94105
Telephone: (415) 904-5600
Fax: (415) 904-5635



April 4, 2008

Mr. Robert Ventura
V-80485
P.O. Box 3476
Corcoran, CA 93212

Dear Mr. Ventura:

This office has received your letter requesting our assistance in challenging your convictions for domestic violence and assault with a deadly weapon. I am sorry, but our office only represents people who have been sentenced to death and only in, and by appointment of, the California Supreme Court. We are not allowed to represent anyone else on any other matters.

I would recommend that you contact the appellate project serving Santa Clara County, where you were convicted. They should be able to provide you with the information you need about the process of challenging a conviction. The following is their contact information:

> Sixth District Appellate Program
> 100 N. Winchester Blvd., Suite 310
> Santa Clara, CA 95050
> 408-241-6171

Again, I am sorry that this office cannot be of assistance to you. Best of luck with your case.

Sincerely,

C. Delaine Renard
Deputy State Public Defender

47

1    Robert Elias Ventura    CDC # V-80485

2    CSP-CORCORAN   4A-3R-44

3    P.O. Box 3476     E-filing

4    CORCORAN, CA. 93212-3476

5

6          UNITED STATES DISTRICT COURT FOR THE NORTHERN

7            DISTRICT OF CALIFORNIA

8    ROBERT ELIAS VENTURA

9    PLAINTIFF                    No.

10                                        **SBA**

11         V.              REQUEST FOR APPOINTMENT OF

12    ADAMS (WARDEN)         COUNSEL AND DECLARATION OF

13    DEFENDANT             INDIGENCY IN SUPPORT

14                                        **(PR)**

15

16       I, Robert Elias Ventura     , DECLARE THAT I AM A PETITIONER

17 TO THE ABOVE-REFERENCED MATTER, THAT I AM INCARCERATED AT CSP-

18 CORCORAN, AND THAT I AN INDIGENT AND ILLITERATE AND UNABLE TO

19 AFFORD COUNSEL. MY TOTAL ASSETS ARE $ 00.00 AND MY INCOME IS

20 $ 00.00 PER MONTH.

21       I HEREBY REQUEST THAT COUNSEL BE APPOINTED IN THIS MATTER SO

22 THAT MY INTERESTS MAY BE PROTECTED BY THE PROFESSIONAL ASSISTANCE

23 REQUIRED. IN ADDITION, WHEN A COURT ISSUES AN ORDER TO SHOW CAUSE,

24 COUNSEL MUST BE APPOINTED FOR AN INDIGENT PETITIONER WHO REQUEST

25 COUNSEL. (18 U.S.C. § 3006 A.(9).) IF AN EVIDENTIARY HEARING IS ORDERED,

26 THIS DISCRETIONARY POWER BECOMES A MANDATORY RULE FOR APPOINTMENT.

27 (FEDERAL HABEAS RULE 8 (c).) GENERAL COUNSEL SHOULD BE APPOINTED

28 WHERE "FUNDAMENTAL FAIRNESS" REQUIRES IT. (see SCHULTZ V. WAINWIR

NOTICE OF APPEAL TO A COURT OF APPEALS FROM A JUDGMENT.

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA

E-filing

ROBERT ELIAS VENTURA

PLAINTIFF

V.

DARREL ADAMS,

DEFENDANT.

Notice OF APPEAL

CV 08    1708

NO.

SBA

(PR)

Notice IS HEREBY GIVEN THAT ROBERT ELIAS VENTURA
PLAINTIFF IN THE ABOVE NAMED CASE, HEREBY APPEAL TO THE
UNITED STATES COURT OF APPEALS FOR THE SUPREME
COURT OF CALIFORNIA FROM THE FINAL JUDGMENT FROM
AN ORDER (THE PETITION FOR REVIEW IS DENIED.) SEE
ATTACHED DOCUMENT..

ENTERED IN THIS ACTION ON THE 12 DAY OF MARCH,
2008.

RESPECTFULLY SUBMITTED

DATE:    MARCH 21 2008    Robert Ventura

1.    8

ROBERT VENTURA - CDCR# V- 80485
1-3P-CORCORAN (SHU) 4A 3L- 3
P.O. BOX 3476
CORCORAN, CA. 93212- 3476

In Pro Per

# IN THE CALIFORNIA SUPREME COURT
## COUNTY OF <u>SAN FRANCISCO</u>

No. S160550

In re

Robert Ventura

On Habeas Corpus

REQUEST FOR APPOINTMENT
OF COUNSEL AND DECLARATION
OF INDIGENCY

RECEIVED

MAR 3 – 2008

CLERK SUPREME COURT

I, Robert Ventura , declare that I am a petitioner to the above-referenced matter, that I am incarcerated at [place prison here], and that I an indigent and unable to afford counsel. My total assets are $ 0 and my income is $ 0 per month.

I hereby request that counsel be appointed in this matter so that my interests may be protected by the professional assistance required. In addition, when a court issues an order to show cause, counsel must be appointed for an indigent petitioner who requests counsel. California Rules of Court, rule 4.551 (c)(2).

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on February 25 , 2008.

Petitioner

9

MARY JAMESON
AUTOMATIC APPEALS SUPERVISOR

JORGE NAVARRETE
SUPERVISING DEPUTY CLERK

SAN FRANCISCO

——

NATALIE ROBINSON
SUPERVISING DEPUTY CLERK

LOS ANGELES



**Supreme Court of California**

FREDERICK K. OHLRICH
COURT ADMINISTRATOR AND
CLERK OF THE SUPREME COURT

SAN FRANCISCO 94102
EARL WARREN BUILDING
350 McALLISTER STREET
(415) 865-7000

——

☐   LOS ANGELES 90013
RONALD REAGAN BUILDING
300 SOUTH SPRING STREET
(213) 830-7570

January 24, 2008

Robert Ventura  V-80485
CSP- Corcoran
P.O. Box 3476
Corcoran, CA 93212-3476

Re:    **H032325- VENTURA ON HABEAS CORPUS**

Dear Mr. Ventura:

The court does not appoint counsel for filing a petition for review. The record discloses that the Court of Appeal filed an order denying your petition on January 9, 2008. Under court rules, the last day a petition for review could be timely filed was January 19.

An original and ten legible typewritten copies of a petition for review are required. Each must have a copy of the Court of Appeal decision attached. Service of a copy on the Court of Appeal and on the Office of the Attorney General is also required.

For good cause, the court may permit a late filing. In addition to the petition for review as described above, you must also submit an original only of an "Application for Relief from Default" which explains the reasons for failing to file a timely petition. The application must also contain the following signed declaration: "I declare under penalty of perjury that the above is true and correct."

After February 8, 2008, this court loses jurisdiction to consider or grant any relief of any nature in this case.

If you are unable to meet this deadline, you may file a habeas corpus petition. A form is enclosed.

Very truly yours,

FREDERICK K. OHLRICH
Court Administrator and
Clerk of the Supreme Court

By:  Kenneth Wagovich, Senior Deputy Clerk

Enclosure

MARY JAMESON
AUTOMATIC APPEALS SUPERVISOR

JORGE NAVARRETE
SUPERVISING DEPUTY CLERK

SAN FRANCISCO

———

NATALIE ROBINSON
SUPERVISING DEPUTY CLERK

LOS ANGELES



**Supreme Court of California**

FREDERICK K. OHLRICH
COURT ADMINISTRATOR AND
CLERK OF THE SUPREME COURT

☑ SAN FRANCISCO 94102
EARL WARREN BUILDING
350 McALLISTER STREET
(415) 865-7000

———

☐ LOS ANGELES 90013
RONALD REAGAN BUILDING
300 SOUTH SPRING STREET
(213) 830-7570

January 24, 2008

Robert Ventura  V-80485
CSP- Corcoran
P.O. Box 3476
Corcoran, CA 93212-3476

Re:     **H032454- VENTURA ON HABEAS CORPUS**

Dear Mr. Ventura:

The court does not appoint counsel for filing a petition for review.  The record discloses that the Court of Appeal filed an order denying your petition on January 8, 2008.  Under court rules, the last day a petition for review could be timely filed was January 18.

An original and ten legible typewritten copies of a petition for review are required.  Each must have a copy of the Court of Appeal decision attached.  Service of a copy on the Court of Appeal and on the Office of the Attorney General is also required.

For good cause, the court may permit a late filing.  In addition to the petition for review as described above, you must also submit an original only of an "Application for Relief from Default" which explains the reasons for failing to file a timely petition.  The application must also contain the following signed declaration:  "I declare under penalty of perjury that the above is true and correct."

After February 7, 2008, this court loses jurisdiction to consider or grant any relief of any nature in this case. ⎯⎯⎯⎯

If you are unable to meet this deadline, you may file a habeas corpus petition.  A form is enclosed.

Very truly yours,

FREDERICK K. OHLRICH
Court Administrator and
Clerk of the Supreme Court

By:  Kenneth Wagovich, Senior Deputy Clerk

Enclosure



IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

Court of Appeal · Sixth App. Dist.

**F I L E D**

JAN 8 - 2008

MICHAEL J. YEHLY, Clerk

By _____
                          DEPUTY

In re ROBERT VENTURA,

on Habeas Corpus.

H032454
(Santa Clara County
 Super. Ct. No. CC455119)

BY THE COURT:

The petition for writ of habeas corpus is denied.

(Premo, Acting P.J., Elia, J., and Duffy, J., participated in this decision.)

Dated ___JAN 8 - 2008___        _____PREMO, J._____ Acting P.J.

12

COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

Court of Appeal - Sixth App. Dist.

FILED

JAN 9 - 2008

MICHAEL J. YEHLY, Clerk

By _____
                    DEPUTY

In re ROBERT VENTURA,

on Habeas Corpus.

H032325
(Santa Clara County
 Super. Ct. No. CC455119)

BY THE COURT:

The petition for writ of habeas corpus, seeking an extension of time to file an opening brief on "appeal," is denied without prejudice. There is no appeal from the denial of a habeas petition by the superior court; rather, the petitioner must file an original habeas petition in the reviewing court. (*In re Clark* (1993) 5 Cal.4th 750, 767, fn. 7.)

Petitioner's request for appointment of counsel is denied without prejudice.

(Elia, Acting P.J., and Duffy, J., participated in this decision.)

Dated    JAN 9 - 2008                    ELIA, J. _____ Acting P.J.

13

# SIXTH DISTRICT APPELLATE PROGRAM

A Non-Profit Corporation

---

100 N Winchester Blvd., Suite 310
Santa Clara, CA 95050

(408) 241-6171 - Main
(408) 241-2877 - Fax

Executive Director
*Michael A. Kresser*

Assistant Director
*Dallas Sacher*

Law Office Manager
*Yolanda Edwards*

Staff Attorneys
*Lori A. Quick*
*Vicki I. Firstman*
*William M. Robinson*
*Jonathan Grossman*
*Paul Couenhoven*

January 7, 2008

Robert Ventura
V-80485
Corcoran State Prison
P.O. Box 3476
Corcoran, CA 93212-3476

Dear Mr. Ventura,

 I have received your letter postmarked January 4, 2008.  It appears from your letter that you wish to file a petition for a writ of habeas corpus.  As I wrote in my last letter, habeas petitions are considered civil proceedings, even if they arise from a criminal case.  Generally, an indigent prisoner is not entitled to appointed counsel to assist with the preparation of a habeas petition.  However, if an indigent prisoner files a habeas corpus petition and the court determines the petition states a prima facie case for relief, then due process considerations require the court to appoint counsel to represent the prisoner. (*People v. Barton* (1978) 21 Cal.3d 513, 519 fn. 3; *People v. Shipman* (1965) 62 Cal.2d 226, 232; Cal. Rules of Court, rule 4.551(c)(2).)  It appears that you have already filed a habeas petition which was denied.  Thus, you are not entitled to appointed counsel. (*People v. Clark* (1993) 5 Cal.4th 750, 783, fn. 20; *Redante v. Yockelson* (2003) 112 Cal.App.4th 1351, 1356.)  We do represent indigent defendants on direct appeal when appointed by the Court of Appeal.  However, you were sentenced on May 11, 2005.  A notice of appeal should have been filed no later than July 10, 2005, two and one-half years ago.  (California Rules of Court, rule 8.308(a).)  It would be pointless to ask for permission to file a late notice of appeal at this late date.

 Typically, when people in your position write to us for help, we advise them to file a habeas petition and we send them the appropriate form.  Because you have already filed a petition which was denied, and because we do not represent you on that petition, there is nothing we can do for you.  I am sorry we cannot be of more assistance.  I wish you the best of luck.

Sincerely,

Lori A. Quick
Staff Attorney

(4

# SIXTH DISTRICT APPELLATE PROGRAM

A Non-Profit Corporation

---

100 N Winchester Blvd., Suite 310
Santa Clara, CA 95050

(408) 241-6171 - Main
(408) 241-2877 - Fax

Executive Director
*Michael A. Kresser*

Assistant Director
*Dallas Sacher*

Law Office Manager
*Yolanda Edwards*

Staff Attorneys
*Lori A. Quick*
*Vicki I. Firstman*
*William M. Robinson*
*Jonathan Grossman*
*Paul Couenhoven*

December 28, 2007

Robert Ventura
V-80485
Corcoran State Prison
P.O. Box 3476
Corcoran, CA  93212-3476

Dear Mr. Ventura,

We have received several documents from you:  a petition for writ of habeas corpus filed on July 17, 2007; a handwritten opening brief; a letter from the Court of Appeal declining to file a document for noncompliance with the rules of court; a Superior Court order filed October 3, 2007 denying a petition for writ of habeas corpus; and a request for appointment of counsel.  Please be advised as follows.

First of all, I cannot help you with a petition for writ of habeas corpus.  Because this is considered a civil proceeding, you are not entitled to appointed counsel.  (*People v. Clark* (1993) 5 Cal.4th 750, 783, fn. 20; *Redante v. Yockelson* (2003) 112 Cal.App.4th 1351, 1356.)  Although we do represent indigent defendants on direct appeal when appointed by the Court of Appeal, it appears from the paperwork you have sent that the time to file a notice of appeal is long past.  Your habeas petition indicates that you were sentenced on May 11, 2005.  This means you would have had to file a notice of appeal no later than July 10, 2005.  (California Rules of Court, rule 8.308(a).)  I can think of no reasonable justification to offer the Court for a failure to take action for two and one-half years, and therefore we cannot request permission to file a late notice of appeal.

I am sorry we could not be of more assistance.  I wish you the best of luck.

Sincerely,

Lori A. Quick
Staff Attorney

15

F I L E D

DEC 2 6 2007

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara

BY _____ DEPUTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

|  |  |
|---|---|
| In re | ) |
|  | ) |
|  | )     No. CC455119 |
|  | ) |
| ROBERT ELIAS VENTURA, | )     O R D E R |
|  | ) |
| On Motion for Documents | ) |

ROBERT ELIAS VENTURA has submitted a motion to this Court requesting free copies of various documents, and/or reports contained in his case file, and/or transcripts of the proceedings, which led to his incarceration. The motion/request is DENIED. Petitioner's declaration of indigency, citations to rules of court, Constitutional principles, case law, or statutes, and/or "Application for Waiver of Court Fees and Costs," form is not applicable when, as here, the time for trial and appeal has passed and there is no matter currently pending and active before this Court. (See *People v. Markley* (2006) 138 Cal.App.4th 230, 240-243.)

DATED: _12/26_, 2007

ARTHUR BOCANEGRA
JUDGE OF THE SUPERIOR COURT

cc: Petitioner
    District Attorney
    CJIC
    Research(12-18A)

16

26

FILED

OCT 03 2007

KIRI TORRE
Chief Executive Officer
Superior Court of California, County of Santa Clara
BY _____ DEPUTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

|  |  |
|---|---|
| In re | No.: CC455119 |
| ROBERT VENTURA, | ORDER |

ROBERT VENTURA, hereinafter Petitioner, has submitted a petition for writ of habeas corpus. Petitioner claims that the sentencing court violated due process by imposing enhancements on the basis of Petitioner's prior plea bargains. Petitioner also claims that his counsel for a 1989 prior was ineffective for not informing him of all the possible consequences of his plea and his counsel for the present offense was ineffective for not enforcing the terms of his prior plea bargains. In addition, Petitioner cites *California v. Cunningham* (2007) 127 S. Ct. 856 as a basis for his challenge to the court's imposition of consecutive sentences in this case.

Due Process

The case of *People v. Brady* (1995) 34 Cal.App. 4th 65 dealt with,

1  and rejected, arguments that there is a due process violation in the

2  application of the strike law.

3      Although the imposition of punishment which, after commission of

4  a crime, is increased or somehow made more onerous violates the ex

5  post facto clause of both the United States and California

6  Constitutions (U.S. Const., art. I, § 10, cl. 1; Cal. Const., Art. I,

7  §9), "'[i]ncreased penalties for subsequent offenses . . .

8  attributable to the defendant's status as a repeat offender . . .

9  arise as an incident of the subsequent offense rather than

10 constituting a penalty for the prior offense. [Citations.]'" do not.

11 (*People v. Weaver* (1984) 161 Cal.App.3d 119, 124 [207 Cal.Rptr. 419],

12 quoting *In re Foss* (1974) 10 Cal.3d 910, 922 [112 Cal.Rptr. 649, 519

13 P.2d 1073].) *People v. Brady* (1995) 34 Cal.App.4th 65, 72.

14     The defendant in *Brady* had a single strike and therefore his

15 sentence was doubled and he was required to serve 80% of it.    His

16 "strike" had been committed prior to the passage of the three strikes

17 law.    That court rejected the same claim that Petitioner makes here,

18 by concluding that at the time the defendant had committed the

19 current offense the three strikes law "was in full force and effect.

20 Such gave him notice that he would be treated more severely since he

21 committed a new felony and had previously been convicted of a serious

22 felony. That such 'status' would subject him to subsection (c)(5)'s

23 credit limits was clearly spelled out. No due process or ex post

24 facto violation can be shown." (*Id.*, see also *People v. Hatcher*

25 (1995) 33 Cal.App.4th 1526.)

26     So too in the instant case, since as soon as the strike law came

27 into effect Petitioner had the status of being a striker, Petitioner

1  the defendant has failed to establish any prejudice, then the

2  performance prong need not be reached. (Strickland v. Washington,

3  supra, 466 U.S. at 697.)

4      Petitioner's claim of ineffective assistance of his prior

5  counsel rests on the assertion that he was not informed that his

6  convictions could be used in future cases to enhance his sentence.

7  However, as noted above, the "three strikes" law had not been enacted

8  at the time of Petitioner's prior plea. Thus, counsel cannot be held

9  ineffective for failing to inform Petitioner of a statutory scheme

10  that was not yet in place.

11  Imposition of Enhancements

12      Contrary to Petitioner's contention, his previous plea

13  bargain(s) do not insulate him from being subjected to enhancement(s)

14  based on the prior conviction(s). Petitioner was not being punished

15  again for the same offense addressed by a previous plea bargain.

16  Rather, Petitioner was punished for being a recidivist. "The purpose

17  of section 667 is to punish repeat offenders regardless of whether

18  they were imprisoned for their previous felony...to impose greater

19  punishment upon recidivists who commit serious felonies." (People v.

20  Jones (1993) 5 Cal.4th 1142; People v. Medina (1988) 206 Cal.App.3d

21  986.) See also People v. Bernal (1994) 22 Cal.App.4th 1455, 1457,

22  explaining:

23      When entering a guilty plea, the defendant must be
   advised of the direct consequences of the conviction.
24   (Bunnell v. Superior Court (1975) 13 Cal.3d 592, 604.)
   However, possible future use of a current conviction is
25   not a direct consequence of the conviction. (People v.
   Crosby (1992) 3 Cal.App.4th 1352, 1356; see also People
26   v. Lewis (1987) 191 Cal.App.3d 1288, 1301; Hartman v.
   Municipal Court (1973) 35 Cal.App.3d 891, 893.) A
27   defendant need not be advised of the possible future
   use of a conviction in the event the defendant commits

1          a later crime.

2  As there was no violation in sentencing Petitioner as a recidivist,

3  there was no ineffective assistance of counsel, as alleged by

4  Petitioner, for his attorney's failure to enforce the prior plea

5  agreement.

6  *Cunningham*

7          Petitioner claims that the court's imposition of consecutive

8  terms violates the Supreme Court's recently articulated rule in

9  *Cunningham v. California* (2007) 127 S. Ct. 856 interpreting its prior

10  decision in *Blakely v. Washington* (2004) 542 U.S. 296. However the

11  *Blakely* rule does not apply to the trial court's decision regarding

12  imposition of consecutive or concurrent sentences. (*People v.*

13  *Sandoval* (2007) 41 Cal.4th 825, 850-851; *People v. Sullivan* (2007)

14  151 Cal.App.4th 524, 567-568.) Thus, Petitioner is not entitled to

15  relief under *Cunningham*.

16          Petitioner's motion, and all requested relief, is DENIED.

17

18  DATED: _____1 Oct_____, 2007    _____

19                                  PAUL BERNAL
                                    JUDGE OF THE SUPERIOR COURT

20  cc:  Petitioner
          District Attorney
21        Research (7-17B)
          CJIC

22

23

24

25

26

27

28

(7 £)

# Office of Internal Affairs

I'm Requesting That You Please Help me Out. And Have Compassion on me. And Give me A Fair Investigation. Why Was I Deprived      Access to the Court. And too My Family. From 2-14-08 Until 3-4-08 Within The Building 4A-3R.44. (General Mail).

I Have Been in Corcoran Prison Still Going On my 3 year. And This Has Never Been A Problem in the Past — with me Or Any Other Prison.

This Problem Only Arise. After I file A 602 Complaints On Prison Official Riddles... And My C-File Will Show Clearly That I Never Had A History Of Filing 602 Complaints On Anyone And That MY Behavior Has not Been Disrupted With Any Rule Violations (Except) One Incident With my Celly 2 Year's Ago...

All I'm Asking, That I Have Full Access to the Court and my Family. And (That This Retaliation And Reprisal Stop) With The Following Prison Officials.. Riddles, Real, Vallejo, Lozano, Morano And Forth most. (C.O. Rather) If They will Stop, I will Withdraw my Complaint But I Can not Even Reach Contact with The Building Sergeant to Resolve This Problem. He Has Disregard All my (Request For Interview)

I Have Reached Contact with Darrel Adams, (The Warden) But The Prison Officials on Third Watch in Building 4A-3R. Has Lack of Regards With it He Has told them to Do!

I Have Mail You A Copy Of My 602 Complaints, Because I Do not Believe They will Be Heard And Rather Get Misplaced.

Please Call Darrel Adams, (Warden) to Force These Officials to Respect my Constitutional Rights

Thank You Sincerely Submitted

The Attached Exhibits (AVR) (00?

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region 1. ___ 2. ___    Log No. 08-700    Category 3A

NSC 2-8-08

You may appeal any policy, action or decision which has a significant adverse effect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

4A3L-41L 4A3R-44

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| Ventura | V-80485 | | 4A-3L03 |

**A. Describe Problem:** At Approximately On 1-31-08., 8:30 Pm.. Duran Medication Pass Out.. I Respectful Request Officer Busch Attention; That I Have legal mail to mail Out to Supreme Court— "Dead Line" And when He Does His Next Trip Around to Pick Up mail, would He Please Bring The Cart, And Tape so I Can Seal Up And You Sign So I Can mail Out to Supreme Court.. I Show Officer Busch, 3, Double Large Manila Envelopes Label, Legal mail in "Bold Words", which Contained 318 Pages in Each Envelope Which Contained Sf Exhibits A. All in Orderly Fashion.. Afterward - Approximately 9:00 Pm.

If you need more space, attach one additional sheet.        See Attached Document Describe Problem

**B. Action Requested:** Filing Complaint ... Rights And Responsibility Statement CDCR 1858... — Pursuant To Penal Code 148.6

Inmate/Parolee Signature: _Robert Ventura_        Date Submitted: 2-4-08

**C. INFORMAL LEVEL** (Date Received: _____ )

Staff Response: _____

BYPASS

Staff Signature: _____        Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____
_____
_____

08 FEB -8 AM 4:08

Signature: _____        Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim.

CDC Appeal Number:

08-700

First Level    ☐ Granted    ☒ P. Granted    ☐ Denied    ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _2-11-08_    Due Date: _3-26-08_

Interviewed by: _____ SEE  ATTACHMENTS _____

_____

_____

_____

_____

_____

Staff Signature: _D.C._____    Title: _4A3 S-T_    Date Completed: _2/25/08_

Division Head Approved:

Signature: _____    Title: _AW_    Returned    Date to Inmate: _3/14/08_

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_SEE ATTACHMENTS AND Supporting Documents, AND EXHIBITS_
_Which Prove Allegations AND REPRISALS ._
_EXHIBIT A, B, C ... Inmate trying to Resolve Problems_
_EXHIBIT C .. (DISSATISFIED)_

Signature: _____    Date Submitted: _3-24-08_

Second Level    ☐ Granted    ☒ P. Granted    ☐ Denied    ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _4/2/08_    Due Date: _4/30/08_

☐ See Attached Letter

Signature: _CCII Cain_    Date Completed: _4-18-08_

Warden/Superintendent Signature: _____    Date Returned to Inmate: _4/21/08_

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

..................................................................................................

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter

Date: _____

CDC 602 (12/87)

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region: **CSP - CORCORAN**    Log No. 1. 08-1654    Category 7
2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| Ventura | V-80485 | | 4A-3R-44 |

A. Describe Problem: AT APPROXIMATELY ON 2-14-08, I WAS REMOVED OUT OF THE I.Y.A. Building, 4A-3L-03; Into A Disciplinary Building For S.J.Y. SHU. (without Reason). By Officer Riddles... Upon Arrival And Continue's On The Third Watch Prison Officials In 4A-3R-44 Building, Clearly Sasil it Out In Words Verbal. That They will not Mail Any legal or Confidential mail Out For me, That I Must Go To The Law Library to have it Done. (2-14-08 Thru 3-27-08) This is A Violation's OF My Constitution Right's First Amendment to Have Access And Exerice My Correspond Confidential With The Court's.

If you need more space, attach one additional sheet.    See Exhibits (A)(B)    See Attached Documents.

B. Action Requested: Mail out All My Legal And Confidential Documents 'to Courts, Unlimited Access to Supreme Courts Through General Mail And File A Rights And Responsibility Statement 148.6 On Floor Officer On Third Watch · 4A-3R- Building

Inmate/Parolee Signature: Robert Ventura    Date Submitted: 3-27-08

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

**BYPASS**

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

**BYPASS**

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

08-1654

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

BYP/SF

_____

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____

Division Head Approved:                                                              Returned

Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____ Date Submitted: 5-2-08

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☒ Other  WITHDRAWN 5-2-08

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 4/7/08    Due Date: 5/19/08

☐ See Attached Letter

Signature: _____    Robert Ventan

Warden/Superintendent Signature: _____    Date Completed: 05-02-08    Date Returned to Inmate: 5/20/08

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

☐ See Attached Letter

Date: _____

CDC 602 (12/87)

Office of Internal Affairs

RECEIVED

MAR 1 8 2008

CDCR
Office of Internal Affairs

I'm Requesting That You Please Help me Out. And Have Compassion on me. And Give me A Fair Investigation Why Was I Deprived Access to the Court. And too My Family. From 2-14-08 Until 3-4-08 Within The Building 4A-3R-44. (General Mail).

I Have Been in Corcoran Prison Still Going On My 3 Year. And This Has Never Been A Problem in The Past with me Or Any Other Prison.

This Problem Only Ariss After I File A 602 Complaints On Prison Official Riddles... And my C-File Will Show Clearly That I Never Had A History Of Filing 602 Complaints On Anyone And That My Behavior Has Not Been Disrupted With Any Rule Violations (Except) One Incident With My Celly 2 Year's Ago...

All I'm Asking, That I Have Full Access to the Court And My Family. And (That This Retaliation And Reprisal Stop) With The Following Prison Officials... Riddles, Real, Vallejo, Lozano, Morano And Forthmost. (C.O. Rather) If They Will Stop, I Will Withdraw My Complaint But I Can Not Even Reach Contact With The Building Sergeant to Resolve This Problem. He Has Disregard All My (Request For Interview)

I Have Reached Contact With Darrel Adams, (The Warden) But The Prison Officials on Third Watch in Building 4A-3R. Has Lack of Regards What He Has told them to Do!

I Have Mail You A Copy Of My 602 Complaints, Because I Do not Believe They Will Be Heard And Rather Get Misplaced.

Please Call Darrel Adams, (Warden) to Force These Officials to Respect My Constitutinal Rights

Thank You Sincerity Sumitted

THE Attached Exhibits. (A)(B) 602

State of California                                    Department of Corrections and Rehabilitation

# Memorandum

Date  :    April 8, 2008

To    :    **VENTURA V80485**
           4A3L-58L
           Corcoran State Prison

Subject :    **APPEAL LOG # CSPC-5-08-00700**
             **FIRST LEVEL RESPONSE   ( AMENDED )**

**APPEAL ISSUE:** On January 31, 2008, at approximately 2030 hours during medication pass out, you respectfully requested Officer Busch's attention.  You stated that you had legal mail to mail out to the California Supreme Court that you had a "dead Line." When Officer Busch made his next trip during mail pick up, you asked him to bring the push cart and tape so you could seal and sign the Legal Mail going out to the California Supreme Court.  You showed Officer Busch 3 double large manila envelopes which were labeled '**Legal Mail**' in bold letters; each envelope containing approximately 318 pages.  Instead of Officer Busch returning to pick up your mail Officer Riddle came. From that point on you allege that; Officer Riddle was unprofessional by using improper language while talking to you, was irresponsible in the way he handled your Legal Mail, and that Officer Riddle upon his arrival at your cell was hostile and acted with an angry attitude towards you.

Your action requested is: You want to file a complaint and be given a Rights and Responsible Statement, CDCR 1858, pursuant to Penal Code 148.6.

***Per the Hiring Authority this appeal does not meet the criteria for assignment as a Staff Complaint and was reassigned as a Mail Issue.***

**INTERVIEW:**  On Thursday, February 14, 2008, Correctional Sergeant D. C. Battles interviewed you.   Throughout the course of the interview, you were given the opportunity to present your version of the events that took place as well as any additional information and/or documents to support your claims.  In order to ascertain the facts, the inquiry regarding this appeal includes your interview, questioning the involved departmental employees, and research of current policies, laws or procedures. During the interview you allege that Office Riddle was unprofessional using improper language while on duty.  You further allege Officer Riddle was irresponsible in the way he handled your Legal Mail.  On January 31, 2008, you claim you had 954 pages of out-going legal mail in three manila envelopes, 318 pages per envelope. You claim that Correctional Officer Riddle upon his arrival at your cell immediately requested your legal mail with a hostile and angry attitude.  You say that you sealed and handed the first envelope to Officer Riddle.   You then handed Officer Riddle the second manila envelope to seal with tape because it was too big for you to seal.  You assert that Officer Riddle deliberately tossed the envelope onto the cart which according to you

First Level Response
Name Ventura, CDC #V-80485
CSPC-5-08-00700
Page 3

## DECISION:

Based on the above circumstances your appeal is **PARTIALLY GRANTED** in that a request for a Rights and Responsible Statement, CDCR 1858, pursuant to Penal Code 148.6 is GRANTED. However, you have not offered any evidence or other information to corroborate your allegations of improper mail handling. All staff are trained in accordance with Operational Procedure #205, Title 15 sec. 3141, 'Confidential Correspondence,' Title 15 sec. 3142 'Processing outgoing Confidential Mail,' and Title 15 sec. 3165 'Mailing Legal Documents'. The Officer's assigned to Facility 4A have been and will continue to adhere to current and approved written policies relative to the handling of mail.

If you are dissatisfied with this decision, you may appeal to the Second Level by following the instructions on your appeal form.

D.C. Battles
Correctional Sergeant
CSP-Corcoran

R. Davis
Associate Warden
CSP-Corcoran

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATIONARNOLD SCHWARZENEGGER, GOVERNOR

**DIVISION OF ADULT INSTITUTIONS**

**CALIFORNIA STATE PRISON - CORCORAN**
P.O. Box 8800
Corcoran, CA 93212



April 18, 2008

**Inmate Ventura, V-80485**

Re:   **SECOND LEVEL APPEAL RESPONSE**
       Log # CSP-C-5-08-00700
       Issue: Mail

**DECISION**: Partially Granted

**PROBLEM DESCRIPTION:**  You claim staffs were unprofessional by using improper language while talking to you and were irresponsible in the way your legal mail was handled.

**ACTION REQUESTED:**  You request to file a complaint and to be given a Rights and Responsible Statement, CDCR 1858, pursuant to Penal Code 148.6.

**APPEAL RESPONSE:** Staff interviewed you at the First Level Review (FLR). The Hiring Authority designee reviewed your appeal and it was determine that this appeal does not meet the requirement for assignment as a staff complaint. The appeal and attachments were reviewed.  You provided no further evidence or documentation to support your claims beyond the information provided at the previous levels of review.  Your appeal was reviewed and it was determined that staff provided you with an appropriate response at the Amended FLR. The Amended First Level response provided you with an explanation after a review of the evidence and current policies failed to disclose evidence to support your allegations, your mail was being handled improperly.   Staffs are utilizing Operational Procedure 205, Inmate Mail, California Code of Regulations, Title 15, Sections 3141, 3142 and 3165 in the processing of your Confidential and legal documents.

Considering the above information, your requested action is partially granted at the Second Level of Review. Granted is your request for a CDCR 1858 form. Denied is your other requested action.

You should proceed to the next level of administrative review if you seek further relief.

M. Junious
Chief Deputy Warden-Operations
California State Prison-Corcoran

LC

# PROOF OF SERVICE BY MAIL

## BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. 1746)

I, __Robert Ventura   V-80485__, declare that I am over 18

years of age and a party to this action. I am a resident of : __C.S.P SHu__

__4A-3L-03 . . CorCoran State Prison__,

in the County of : __CorCoran__,

State of California. My prison address is : __P.o. Box 3476__

__CorCoran Ca 93212-3476__

On __6-12-__, 20 __08__, I served the attached : Motion For Rule 8(C)

Rule 60(b)

ReConsideration And Amended Motion For Appointment Of Counsel.

No. C 08-01708 SBA (Describe Document) (PR)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope , with

postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named

Correctional Institution in which I am presently confined. The envelope is addressed as follows :

__U.S. District Court__

__450 Golden Gate Ave__

__San Francisco CA 94102-3483__

I declare under penalty of perjury under the laws of the United States of America that the foregoing is

true and correct.

Executed on __6-12-08__          _____
          (Date)                              (Declarant's Signature)

Robert Ventura V-80485
P.O. Box 3476 (4A-31-03)
CORCORAN CA 93212-3476

CORCORAN STATE PRISON

Hasler
$02.020
05/14/2008
Mailed From 93212
US POSTAGE

Clerk Office

U.S. District Court
450 Golden Gate Ave
San Francisco CA 94102-3483

LEGAL MAIL